[No. 13971.    Department One. — March 2, 1891.]

C. F. HAGMAN, RESPONDENT, *v*. ELLEN L. WIL-
LIAMS ET AL., APPELLANTS.

APPEAL — TRANSCRIPT — COPY OF NEW-TRIAL ORDER — SECOND BILL OF
EXCEPTIONS — CLERK'S CERTIFICATE. — Where, after an order denying a
new trial, a second bill of exceptions is filed, setting out the proceedings
on the motion and the order made thereupon, a certificate of the clerk
that the record contains correct and complete copies of the records and
documents on file in the case, and, among others, of the last bill of ex-
ceptions, "including the order refusing a new trial," is sufficient to meet
the requirements of section 952 of the Code of Civil Procedure as to the
copy of the order.

PLEADING — ANSWER — DENIALS ON INFORMATION AND BELIEF — PRE-
SUMPTIVE KNOWLEDGE — RECORDED CLAIM OF LIEN. — Where facts are
alleged in a verified complaint which are presumptively within the personal
knowledge of the defendant, he is not permitted to deny them upon in-
formation and belief, but must answer positively; but this rule does not
apply to the denial of the sufficiency of a recorded claim of lien.

ID. — MECHANIC'S LIEN — FORECLOSURE — ISSUE AS TO CLAIM OF LIEN —
VARIANCE BETWEEN COMPLAINT AND RECORD. — In an action to fore-
close a mechanic's lien, where the complaint alleges that the claim of
lien was duly recorded, and states its contents substantially in the lan-
guage of the statute, but the recorded claim of lien was in fact inartifi-
cially drawn, and not in the language of the complaint, a denial in the
answer, upon information and belief, that the claim contains the neces-
sary facts, is sufficient to raise an issue as to the alleged claim of lien.

ID. — RELEVANCY OF EVIDENCE TO PLEADINGS — UNWORKMANLIKE CHAR-
ACTER OF LABOR — REBUTTING EVIDENCE. — After the claimant of a
mechanic's lien has introduced evidence to show that the labor for which
the lien was claimed was done in a good and workmanlike manner, evi-
dence on the part of the defendant tending to disprove that fact, and to
show that the work sued for was not done in a workmanlike manner, is
admissible, notwithstanding an objection that there was no issue as to
the unworkmanlike character of the work.

MECHANIC'S LIEN — CONTENTS OF CLAIM — SUBSTANTIAL COMPLIANCE WITH
STATUTE. — A substantial compliance with the statute regarding the
contents of a claim of mechanic's lien is all that is necessary to its valid-
ity.

BILL OF EXCEPTIONS — SPECIFICATIONS OF ERROR. — Specifications of the
particular errors of law on which the appellant will rely are not neces-
sary in a bill of exceptions.

APPEAL from a judgment of the Superior Court of
San Diego County, and from an order denying a new
trial.

The facts are stated in the opinion.

*Haines & Ward,* and *A. G. Wooster,* for Appellants.

*John M. Lucas,* for Respondent.

  BELCHER, C. — This is an action to foreclose a lien for work and materials used in painting a house erected for the defendant Ellen L. Williams.

The complaint states that the defendants are husband and wife; that Mrs. Williams owned a lot of land, and on a day named entered into a contract with certain builders to furnish all the materials and labor and erect for her a dwelling-house on the lot; that the contractors commenced the construction of the house, and afterwards made a contract with the plaintiff and one Anderson, under and by which they were to furnish the materials and perform the labor of painting the house, and were to be paid therefor the sum of $155; that upon the making of this contract Mrs. Williams promised and agreed with the painters that she herself would pay and guarantee payment of the sum of money to become due them under their contract, and would also pay them any and all further sums which might become due them for extra work on the house; that the painters entered upon the performance of their contract and fully performed and complied with all the conditions of the same, and at the request of Mrs. Williams furnished materials and did extra work of the value of $26; that the full amount due under the contract and for extra work, which Mrs. Williams promised and agreed to pay, was $181, of which sum $107 had been paid, leaving still due and unpaid the sum of $74; that the house was finished, and in due time the painters filed and had recorded a claim of lien, which was duly verified, and stated all the facts required by statute to be stated in such a case, and that subsequently Anderson duly assigned and transferred to the plaintiff all his claim and demand under the lien and against the said property and defendants.

The defendants, by their answer, denied that they, or either of them, promised or agreed to pay Anderson and Hagman for the work done under their contract, or to guarantee payment thereof, or to pay for any extra work, in any manner whatever; denied that Anderson and Hagman, or either of them, fully performed all the conditions of their contract, or of any contract, mentioned in the complaint, or complied with the same; and, on information and belief, denied that the instrument filed and recorded by Anderson and Hagman, as a claim of lien, "contains a statement of their demand, or any demand, with the names of the person or persons by whom they were employed, or of any employment, or to whom they furnished materials, or of any materials, with a statement of the terms, time given, or conditions of their contract, or of any contract."

The case was tried, and all the facts were found by the court to be as alleged in the complaint. Judgment was then entered, foreclosing the lien, and awarding the plaintiff fifty dollars as a reasonable attorney's fee, and costs, as prayed for in the complaint. The defendants moved for a new trial upon a bill of exceptions, which was duly settled and filed. The motion was denied, and they appealed from the judgment and order.

It is objected for respondent that the order denying the new trial cannot be considered, for the reason that the record contains no copy of the order. The objection cannot be sustained. The record shows that after the order was made, a second bill of exceptions was settled and filed, setting out that the motion was made by the defendants, pursuant to their notice of intention to move for a new trial, on certain grounds stated, and that both the plaintiff and defendants appeared by their attorneys; that the first bill of exceptions and certain affidavits were used on the hearing, and then, that "the court, having heard the agument of counsel, and being fully advised, doth order that said motion for new trial be

and the same is hereby denied." And the clerk certifies that the record contains correct and complete copies of the records and documents on file in the case, and, among others, of the last bill of exceptions, "including the order refusing a new trial." This was sufficient to meet the requirements of section 952 of the Code of Civil Procedure.

It is contended by appellants that the judgment should be reversed because of errors committed by the court in its rulings. The proceedings were as follows: On the trial, the plaintiff offered in evidence his claim of lien, and the defendants objected to the admission of the paper, on the ground that it was "incompetent, irrelevant, and immaterial." The court overruled the objection, and admitted the paper in evidence, on the ground, as stated, that the answer contained no denials of the allegations of the complaint in regard to the claim of lien, but admitted each of them. The defendants excepted to this ruling, and thereupon counsel for plaintiff announced to the court that the offer of the lien in evidence was withdrawn, and the court ordered that it be considered withdrawn. No other or further evidence relating to the notice and claim of lien alleged in the complaint was offered by either party. Subsequently, the plaintiff introduced evidence tending to show that the work alleged in the complaint was done in a good and workmanlike manner, considering the quality and amount of material called for by the contract.

When the defendants were making their case, they offered evidence to show that the work sued for was not performed in a good and workmanlike manner. To this offer the plaintiff objected, on the ground of irrelevancy, incompetency, and immateriality, and the court sustained the objection, and excluded the evidence, defendants reserving an exception. The defendants then, when they had nearly closed their testimony, asked leave to amend their answer, by making specific positive denials of each

and every allegation of the complaint relating to the contents of the alleged notice of lien, and by adding averments that the material used in painting the house was of inferior quality, and not such as was called for in the contract, and that the work was done in a bad and unworkmanlike manner, and inefficiently, and that by reason of such inferior workmanship and material the defendants were damaged in the sum of one hundred dollars. The court denied the application to amend, and the defendants duly excepted.

1. The first ruling complained of was evidently based upon the theory that the denials in the answer as to the claim of lien were insufficient to raise any issue, because they were made upon information and belief. In this we think the learned judge of the court below was mistaken. It is true that where facts are alleged in a verified complaint which are presumptively within the personal knowledge of the defendant, he is not permitted to deny them upon information and belief, but must answer positively. (*Humphreys* v. *McCall*, 9 Cal. 62; *Loveland* v. *Garner*, 74 Cal. 298.) Here the allegations were as to a written instrument which had been recorded in the recorder's office of the county, and they stated its contents substantially in the language of the statute which provides for the making and recording of such an instrument. (Code Civ. Proc., sec. 1187.) But an inspection of the paper shows at once that it was inartificially drawn, and not in the language of the complaint. A question then might well arise as to whether or not it was sufficient to meet the requirements of the statute and to create a lien. And that such a question did arise is shown by the fact that counsel here earnestly insist, on one side, that it was wholly insufficient, and on the other, that it was fully sufficient, to effect the purposes intended by it. Under these circumstances, we do not think it can be said that because the defendants might have seen and read the record, they must be presumed to have such knowledge of the facts alleged in the com-

plaint as to require positive denials, if they deemed them untrue.  Our conclusion is, that the denials on information and belief were sufficient to raise an issue as to the alleged claim of lien.

2. We also think the court erred in excluding the evidence offered by the defendants to show that the work sued for was not performed in a good and workmanlike manner.  The plaintiff had introduced evidence to prove that the work was well done, and it seems clear that the defendants had a right to disprove that fact, if they could.  It is objected for respondent that this point cannot be considered, because the ruling is not specified in the bill of exceptions as an error upon which the parties would rely.  But specifications of the particular errors of law on which the appellant will rely are not necessary in a bill of exceptions.  (Code Civ. Proc., sec. 650; *Shadburne* v. *Daly*, 76 Cal. 355.)

3. It is to be regretted that a case involving so small a sum should be permitted to occupy so much of the time of the courts; and as in consequence of the errors above spoken of, it must go back for a new trial, it is proper to state that we have carefully examined the paper introduced in evidence by the plaintiff as his claim of lien, and are of the opinion that it should be treated and held to be sufficient to meet the requirements of the statute.  A substantial compliance with the statute is all that is necessary.  (*Tredinnick* v. *Mining Co.*, 72 Cal. 73; *Malone* v. *Big Flat Mining Co.*, 76 Cal. 578; *Jewell* v. *McKay*, 82 Cal. 144.)

We advise that the judgment and order be reversed, and the cause remanded for a new trial, with leave to the parties to amend their pleadings if they shall be so advised.

VANCLIEF, C., and HAYNE C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded, with leave to the parties to amend their pleadings if they shall be so advised.