<hr />

(April 4, 1896.)

### STATE v. SMITH.
[44 Pac. 554.]

PRACTICE—NEW TRIAL—EXCEPTIONS.—To entitle one to have the ac-
    tion of the lower court in granting, or refusing, a new trial in a
    criminal case, the record must show that an exception was taken
    to such ruling.   The evidence in this case examined and held to
    sustain verdict.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid, for Appellant.

The contention by defendant is that the verdict was against
law and evidence; that the only evidence against him is his pos-
session of the property, of which he gives, not only a probable
and reasonable explanation, but one which the state had the
opportunity to contradict if not true.   It is not incumbent on
the defendant to establish an innocent connection with the
stolen property by a preponderance of proof; if the evidence
raises a reasonable doubt as to guilty possession, the presump-

tion is rebutted, and he is entitled to an acquittal. (12 Am. & Eng. Ency. of Law, 851, 852, and the numerous authorities there cited.) When the circumstances on which the verdict is based can be reasonably explained by some other hypothesis than that of the defendant's guilt, or as perfectly consistent with the defendant's innocence, then a new trial should be granted. (*State v. Nesbit,* ante, p. 548, 43 Pac. 66; *Bayley v. Eaton,* 8 Cal. 159; *People v. Ah Loy,* 10 Cal. 301.)

Attorney General George M. Parsons, for the State.

There can be no doubt as a general proposition of law that the exclusive possession of goods recently stolen, is sufficient to put an accused person upon his defense. (3 Rice on Evidence, 733; *People v. Kelly,* 28 Cal. 423, 428, 429.) The possession of the property was circumstantial evidence tending to prove the guilt of defendant, and he should have rebutted this testimony. (*State v. En,* 10 Nev. 277, 281; *Tilly v. State,* 21 Fla. 242, 249; *State v. Haverly,* ante, p. 484, 42 Pac. 506.)

HUSTON, J.—The defendant was convicted of the crime of larceny in the stealing of three head of cattle. Upon the trial the state proved ownership of the property in one Vernon, possession by defendant, and sale by defendant to one Bomberg, a butcher in the town of Genesee. Upon the examination of Bomberg it fell out that, upon the sale of the cattle to him by defendant, the latter made to him (Bomberg) what pretended to be a bill of sale, in which he attempted to state from whom he got the cattle, and it was further proven, on examination of some of the state's witnesses, that defendant had made statements to them as to whom he procured the cattle from. The defense offered no testimony. It is claimed by appellant that it was incumbent upon the state, before a conviction could be had, to disprove the statements which the witnesses for the state testified defendant had made as to how and of whom he procured the cattle. We know of no rule of law to support such a contention, and our attention has not been called to any. ·

It is claimed by appellant that the evidence does not support the verdict. We think the evidence on the part of the state was abundant to warrant the verdict. We have examined

the charge of the court carefully, and are satisfied that it clearly and fairly states the law.

It is objected by the attorney general that the record does not show that any exception was taken by the defendant to the order of the court overruling his motion for a new trial.   We think this objection is well taken.   Subdivision 4, section 7942 of the Revised Statutes of Idaho, provides for the taking of exception to an order of the court "in granting or refusing a motion for a new trial."   To entitle an appellant to a review of such order, exception must be saved in the record.   The judgment of the district court is affirmed.

Morgan, C. J., and Sullivan, J., concur.