(July 3, 1909.)

## W. W. HUMPHREY et al., Respondents, v. JAMES G. WHITNEY et al., Appellants.

[103 Pac. 389.]

BILL OF EXCEPTIONS—ASSIGNMENT OF ERRORS—INSUFFICIENCY OF THE EVIDENCE—GOVERNMENT SURVEY.

1. This court will not review the sufficiency of the evidence to sustain the findings or judgment on an appeal from the judgment, unless the bill of exceptions contains a specification of the particulars in which it is claimed the evidence is insufficient.

2. Errors of law occurring at the trial may be reviewed upon an appeal from the judgment, although no specification of the particular errors of law, on which the appellant relies, is contained in the bill of exceptions.

3. "Assignment of errors" on the ground that the evidence does not support the findings and judgment, printed as a part of the transcript but not made a part of the bill of exceptions, will be stricken from the transcript on motion.

4. A bill of exceptions will not be stricken from the transcript because it does not contain "an assignment of errors" of the particulars in which it is claimed the evidence is insufficient to support the judgment, but will be retained and considered, for the purpose of determining alleged errors of law occurring during the progress of the trial.

5. In an action brought for the purpose of having determined the corners and lines of a government survey, in which the issue is made as to whether either of two different surveys conforms to the government survey, and in which the issue is made as to whether the parties to the action entered such land according to one of such surveys, any evidence in relation to the correctness of such surveys, the manner in which the same were made and the circumstances under which the parties to said suit entered such land, is admissible.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Edward A. Walters, Judge.

An action to determine the corners and boundary lines dividing the lands of the respective parties to such action and to quiet the title of such persons to such lands. Judgment for plaintiffs. Defendants appeal. *Affirmed.*

M. J. Sweeley, for Appellants.

This action, in all its essential elements, is controlled by the decision of this court in the case of *Taylor v. Reising,* 13 Ida. 226, 89 Pac. 943, which case involves the same surveys and, in a general way, all the facts that are material herein. The decision in that case is fully supported by the authorities cited in the opinion, and also by the following: *Town of Juliaetta v. Smith,* 12 Ida. 288 (292), 85 Pac. 923; *Van Wyck v. Wright,* 18 Wend. 158; *Jordan v. Deaton,* 23 Ark. 704; *Bolton v. Eggleston,* 61 Iowa, 163, 16 N. W. 62; *New York N. T. Land Co. v. Gardner* (Tex. Civ. App.), 25 S. W. 737; *State v. Forrest,* 12 Wash. 483, 41 Pac. 194; *Clark v. Hindman,* 46 Or. 67, 79 Pac. 56; *First Nat. Bank v. McDonald,* 42 Or. 257, 70 Pac. 901.

S. T. Hamilton, and Stockslager & Bowen, for Respondents.

There is no dispute but what all entries, selections, locations, proofs and patents were made and issued with reference to, and in accordance with, the government survey designation, and as provided by federal statutes. In such cases the official approved government survey is a part of such entries, patent or deeds of conveyance. (U. S. Rev. Stat., secs. 2395, 2396; *Cragin v. Powell,* 128 U. S. 691, 9 Sup. Ct. 203, 32 L. ed. 566; *Jefferis v. East Omaha Land Co.,* 134 U. S. 178, 10 Sup. Ct. 518, 33 L. ed. 872; *Chapman v. Polack,* 70 Cal. 487, 11 Pac. 765; *Goltermann v. Schiermeyer,* 111 Mo. 404, 19 S. W. 484, 20 S. W. 161.) The true corners and lines of a government subdivision of land are where

the United States surveyors in fact establish them, and cannot be changed by individuals, at any time, nor by the government itself after vested rights have intervened. (*Beardsley v. Crane,* 52 Minn. 537, 54 N. W. 740; *Greer v. Squire,* 9 Wash. 359, 37 Pac. 545; *Nesselrode v. Parish,* 59 Iowa, 570, 13 N. W. 746; *Sawyer v. Cox,* 63 Ill. 130; *Spawr v. Johnson,* 49 Kan. 788, 31 Pac. 664; *Randall v. Burk,* 4 S. D. 337; *Rowell v. Weineman,* 119 Iowa, 256, 97 Am. St. 310, 93 N. W. 279; *Vittoe v. Richardson,* 58 Iowa, 575, 12 N. W. 603; *Climer v. Wallace,* 28 Mo. 556, 75 Am. Dec. 135.)

If the transcript contains anything not specified by the statute, it will be stricken out on motion. (*Taylor v. McCormick,* 7 Ida. 524, 64 Pac. 239; *Williams v. Boise B. Min. Co.,* 11 Ida. 233, 81 Pac. 646.) If an appeal is taken from the judgment upon a bill of exceptions, relying upon the sufficiency of the evidence to sustain the decision, the bill must contain exceptions upon that ground, and must specify the particulars in which such evidence is alleged to be insufficient. (Rev. Codes, sec. 4428; *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540; *Hole v. Van Duzer,* 11 Ida. 79, 81 Pac. 109.)

STEWART, J.—W. W. Humphrey and thirty-three other plaintiffs brought this action against James G. Whitney and one hundred and nineteen other defendants for the purpose of having determined the true line of the government survey of the lands in township 10 south, range 17 east, Boise meridian, and incidentally to quiet the title of the respective parties to lands claimed by them in said township and range. No question is raised in this case as to the right of the plaintiffs to maintain this action against the defendants or of the misjoinder of either parties plaintiff or defendant, and we shall consider this case in the light of what appears to be conceded by both parties, that the suit may be maintained by plaintiffs against the defendants for the relief sought in such case.

The complaint alleges, among other things, that on July 1, 1901, the government of the United States, through E. A.

Hitchcock, secretary of the interior, entered into an agree-
ment with the state of Idaho through Frank W. Hunt, gover-
nor, providing for the selection and segregation, for the
purpose of irrigation, settlement and reclamation, of a large
tract of land in said state, desert in character; that said
articles of agreement were entered into for the purpose
of carrying out and effectuating the purpose of the law
known as the Carey act; that on January 3, 1903, the state
of Idaho, through its legally constituted state board of land
commissioners, as officers and agents of the state, entered
into and executed an agreement with the Twin Falls Land
and Water Company, whereby said Twin Falls Land and
Water Company agreed to provide, and to use water already
appropriated by it and its predecessors in title, and to erect
and construct dams and reservoirs for conserving and im-
pounding of the waters of Snake river, and to construct a
system of canals and ditches whereby said waters could be
carried to use, to irrigate and reclaim a large tract of land
situated in Twin Falls county in said state; that under and
by virtue of the provisions of said contract the said state
of Idaho, through its state board of land commissioners, agreed
to sell the lands therein described, susceptible of irrigation,
cultivation and reclamation, to such person or persons as
were entitled to file upon and enter the same, and the said
Twin Falls Land and Water Company agreed and stipulated,
as rapidly as lands were to be open for entry and settlement,
to sell or contract to sell water rights or shares for lands
filed upon or entered and to carry out and fulfill the purpose,
intent and object of said Carey act; that under said law
and the laws of the state of Idaho, the said state of Idaho,
through its state board of land commissioners, had the right
to sell and contract to sell all lands thus rendered susceptible
of irrigation, cultivation and reclamation under said system
of the Twin Falls Land and Water Company to entrymen
and purchasers, and that under and by virtue of said laws
and contracts these plaintiffs, or their grantors, except the
Twin Falls Waterworks Company, entered and purchased
water rights therefor, and now hold and possess certain

lands (describing the same), and that under and by virtue of the same laws and contracts the said defendants and their grantors entered and purchased water rights therefor and now own, hold and possess said lands (describing them); that long prior to the entry or purchase of any of said lands the United States government caused an official survey of said lands to be made and the township, range, section and subsection corners and lines thereof to be officially established and marked upon the ground, and that all of said lands so entered, purchased and held by each of the plaintiffs and defendants or their grantors were entered and purchased, and the titles thereto are now held by said persons according to the government legal subdivisions thereof; that after the execution of the contract between the state of Idaho and the Twin Falls Land and Water Company another survey of said lands was made by John E. Hayes whereby the township, range, section and subsection corners and lines of said lands were pretended to be located in different positions from where the same were located by said government survey; that said Hayes' survey was and is erroneous and incorrect, and erroneously and incorrectly pretended to locate the corners and lines of said lands; that the defendants and all of them erroneously and wrongfully claim that the corners and lines of their respective tracts and parcels of land are as shown by said Hayes survey, and where any of the lands of the defendants conflict with and overlap the lands of any of the plaintiffs, as shown by the government survey, such defendants wrongfully and unlawfully claim the title and possession to the grounds so in conflict. The exact location, and the corners and lines thereof, of the several parcels of lands so held by the plaintiffs and the defendants are dependent one upon the other, in that the titles to all of said lands are held by description by legal subdivision of sections, township and range, and thus when the corners and lines of one parcel are legally located, it causes and necessitates the location of the corners and lines of the adjoining subdivisions according thereto, and the claims of the defendants of the right to hold the several parcels of land

by the said Hayes survey wrongfully and unlawfully causes a cloud upon the title and right of plaintiffs to hold their several parcels according to the said government survey, and upon their right and title to those parts of their several tracts covered by the said conflicting government survey and the said Hayes survey.

The appellants, C. B. Taylor, George E. Lacy, John Havlick, A. C. Boone, Christina E. Bentley and Ella E. Smith were the only defendants who appeared and filed an answer and cross-complaint. In the answer filed by these defendants they admit the segregation of the lands in controversy under the Carey act as alleged in the complaint, the making of the contract between the state of Idaho and the Twin Falls Land and Water Company, the entry of the lands claimed by the respective parties as alleged in the complaint. The defendants also admit that the lands described in the complaint were surveyed by the government prior to the purchase by any of the parties to this suit or their grantors, and that the township, range, section and half-section corners were officially established and marked upon the ground; but deny that all of the lands described in said complaint and now held by the parties to this action were entered and purchased and the title thereto held by said persons according to the government legal subdivision thereof, and no other, and according to said government survey, and no other unless said government survey and the corners and lines fixed and established thereby agree with and correspond to the lines and corners of said lands held generally by the parties to this action, and particularly the lands owned and held by the answering defendants after said lines and corners were designated by the Hayes survey.

It is admitted and alleged that in the entries for the lands described in the complaint and in the receipts showing partial payments and in the certificates of final proof, and in all the patents which have been granted and issued by the state of Idaho, all of said pieces of land were described, numbered and designated as subdivisions of the several sections in said township and range, and it is alleged further that in

said entries and other papers, instruments and matters no specific reference was made to any particular survey and no recital contained specifically whether said subdivisions were according to the said Hayes survey or the government survey. The defendants admit that a survey of said lands was made by John E. Hayes, but deny that by said survey the township, range, section and subsection and lines of said lands were pretended to be located in different positions from where the same were located by said government survey, and allege the fact to be that the survey made by Hayes was for the purpose of relocating the corners and lines of said government survey and not for the purpose or with the intent of making another or different survey, or of locating or establishing corners or lines at places different from those that have been established by said government survey, and whether the corners and lines so established and fixed by the said Hayes survey are the same as or are different from those fixed and established by the said government survey, they have no information or belief upon the subject sufficient to enable them to answer the allegations of the complaint, and a denial is placed upon that ground; that before any of the lands described in the complaint were entered or selected by entrymen, and before the said Twin Falls Land and Water Company made sale of any water rights or shares of stock to said entrymen, it was discovered that certain corners of the United States government survey of said lands had become obliterated and could not be found, and for the purpose of enabling said corporation and prospective entrymen and settlers and intending purchasers of water rights to determine the location of the corners and lines of the several subdivisions of said lands, a survey of all of said lands was made at the instigation of said Twin Falls Land and Water Company by John E. Hayes, which survey was intended by said surveyor to relocate and re-establish the government corners of several subdivisions; that in accordance with the survey as made by said John E. Hayes, visible and easily distinguishable stakes and monuments were placed on the grounds, and the corners of the said

several subdivisions were marked, from which intending entrymen and purchasers could readily ascertain and determine the lines and boundaries; that the said Twin Falls Land and Water Company, assuming and believing that the survey so made by said Hayes was correct and that it accurately showed the true corners and located the true lines of said lands according to the government survey thereof, assisted the entrymen and purchasers thereof and purchasers of water rights therefor in selecting and locating such lands as they might desire to make entry for and purchase, and pointed out to all of said entrymen and settlers before selection and location were made, and before water contracts relating thereto were entered into, the corners, lines and boundaries of said lands as the same were located and fixed by the said Hayes survey, and informed all of said persons who afterward located upon, entered and purchased said lands, and entered into contracts for water rights therefor, that the boundaries of said lands were as shown by said Hayes survey, and that all of the persons who selected land in said township, including all the lands described in plaintiff's complaint, and who made entry therefor and who entered into contracts for water rights in relation thereto, assumed and believed that the said Hayes survey was correct, and that the same was a government survey, and acting upon such assumption and upon such belief selected the lands they wished to purchase and made their entries therefor, and entered into water contracts after having seen and inspected said lands and the boundaries thereof as shown by said Hayes survey; that under the assumption and belief that the boundaries of the lands they intended to enter and locate and for which they purchased water rights were in fact as shown by said Hayes survey, a large number of the persons who made entries for said lands and their grantees settled thereon, cleared the same of sagebrush, constructed irrigating ditches, put up fences, built houses and other improvements with reference to and along the lines of said survey; and no claim was ever made by any of the persons who entered said lands, their assigns or grantees,

until after all of said lands were thus selected, located and entered and until after said entrymen entered into contracts for water rights, that there were any differences or discrepancies between said survey so made by said Hayes and the government survey. That before and at the time of making said selections, locations and purchases, the entrymen and purchasers could not without great expense ascertain whether the Hayes survey coincided with the government survey and could not without having a new survey made determine where the corners and lines of said lands were according to the government survey, and to have such survey made would cause said entrymen expense, inconvenience and loss of time; that they believed and understood that such Hayes survey was correct and accurately showed the true corners and lines in accordance with the government survey; that after all of said lands were selected and entries made, water contracts entered into and partial payments made, certain monuments and corners were found which the plaintiffs claimed are monuments and corners of said government survey which are claimed to be different from the corners established by the Hayes survey, and after finding said monuments and corners another survey was made by C. W. Levisee which purports to re-establish the government corners and lines in accordance with said monuments and corners so found; that if the survey and lines made and established by Hayes are different from those fixed by the government survey, then the entrymen will not secure the lands they intended to enter and purchase, and will suffer great inconvenience and damage.

The answering defendants then prayed that the lines and boundaries of the lands described in the plaintiff's complaint be fixed and located and determined by the Hayes survey; that the plaintiffs be barred and estopped from claiming that said Hayes survey did not, and does not, clearly locate and determine the true boundary lines of the lands described in the complaint; that the defendants' title to the lands be quieted according to the Hayes survey. The plaintiffs answered the cross-complaint of the answering defendants

and in effect denied the allegations thereof. The cause was tried to the court and findings of fact, conclusions of law and a decree entered in favor of the plaintiffs. This appeal is from the judgment.

We have deemed it necessary to set out, somewhat at length, the allegations of the pleadings because of the nature of the questions which the record presents for review and consideration. The transcript contains the pleadings, a bill of exceptions, with the notice of appeal and the fact of filing an undertaking on appeal, and in addition thereto "assignment of errors" which is printed in the transcript, but not made a part of the bill of exceptions and not certified to by the trial court or the counsel.

The respondents move in this court to strike from the transcript all that portion under the head of "assignment of errors" upon the ground "that said assignment of errors, being no part of the bill of exceptions settled and filed in said cause, is not a part of the record on appeal." This motion must be sustained. (Sec. 4818, Rev. Codes.) The above section provides: "On an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll, and of any bill of exceptions or statement in the case, upon which the appellant relies." "Assignments of error," when not made a part of the bill of exceptions, are no part of the transcript on appeal.

Respondent next moves the court to strike from the transcript the document therein printed under the head of bill of exceptions and purporting to be a bill of exceptions, upon the ground that said bill of exceptions does not contain any specifications wherein it is claimed that the evidence is insufficient to sustain the decision or finding of the court. Sec. 4428 provides: "No particular form of exception is required. But when the exception is to the verdict or decision, upon the grounds of the insufficiency of the evidence to sustain it, the objection must specify the particulars in which such evidence is alleged to be insufficient. The objection must be stated with so much of the evidence or other matter as is necessary to explain it, and no more." Under

this section this court has held: "That where the exception is to the decision of the court, upon the ground of insufficiency of the evidence to support the judgment and findings, the bill of exceptions must contain the specifications of the particulars in which the evidence is alleged to be insufficient to sustain the findings or judgment, or it will be disregarded. (*Hole v. Van Duzer*, 11 Ida. 79, 81 Pac. 109.)" (*Later v. Haywood*, 14 Ida. 45, 93 Pac. 374.) Where an appeal is taken from a judgment and the appellant claims that the evidence is insufficient to support the judgment, it is only fair to the trial court and to opposing counsel that the appellant specify the particulars in which it is claimed the evidence fails to support the findings and judgment, in order that the trial judge and counsel for respondent may be able to determine whether the bill of exceptions, presented for settlement, contains all the evidence with reference to the particular question raised; and it is in line with this rule that the legislature has enacted the above section.

In this case appellants have not made the specification of the particulars, in which it is claimed the evidence does not support the judgment, a part of the bill of exceptions. For this reason this court cannot review the evidence, for the purpose of determining whether it supports the findings and judgment of the trial court. This, however, is not a reason for striking such bill of exceptions from the transcript, for the same may be retained as a bill of exceptions for the purpose of presenting to this court for review questions of law arising during the progress of the trial, the exception to which is saved by the statute. In such particular instances it is not necessary that the bill of exceptions contain a specification of the alleged errors. The bill of exceptions need not contain specifications of error except where it is claimed upon the appeal that the finding or decision is not supported by the evidence. (*Snell v. Payne*, 115 Cal. 218, 46 Pac. 1069; *Hagman v. Williams*, 88 Cal. 146, 25 Pac. 1111; *Shadburne v. Daly*, 76 Cal. 355, 18 Pac. 403.) For these reasons the motion to strike the bill of exceptions is overruled.

Counsel for respondent next moves this court to disregard all assignments of specifications of error made by appellant relating to any alleged insufficiency of evidence to sustain any decision or finding of the court in said cause. As shown above this court will not review the sufficiency of the evidence to sustain the findings and judgment, in the absence of specifications contained in the bill of exceptions specifying the particulars in which it is claimed the evidence does not support the findings and judgment, and this motion will be sustained.

This brings us to a consideration of the alleged errors occurring during the progress of the trial. These alleged errors consist in the admissibility of certain evidence. It is contended upon the part of the appellants that the trial court committed numerous errors in admitting certain evidence. This contention is based upon appellant's claim that the case was tried upon the wrong theory, and that the trial court erred in admitting evidence in support of such theory. We have fully stated the allegations of the pleadings, as the admissibility of the evidence must be determined from such allegations. If the evidence offered had a tendency to support or disprove the allegations of the pleadings, then such evidence was admissible. If, however, the evidence did not tend to support or disprove the allegations of the pleadings, then such evidence should not have been admitted.

It is first charged that the court erred in admitting evidence offered by plaintiffs tending to show that the survey made by John E. Hayes, referred to in the pleadings, was erroneous, and that evidence offered tending to prove the correctness of the survey made by C. W. Levisee and referred to in the pleadings was also erroneous. This contention is based upon the claim made by appellants that the parties to this action were bound by the Hayes survey by reason of the fact that they entered the land and purchased the water contracts for water to irrigate the same, with the knowledge and belief and with the intention of taking the land as marked upon the ground by the Hayes survey; and such fact being true, it can make no difference whether the Hayes or

the Levisee survey was correct or whether either or both conformed to the government survey. This contention, however, requires an examination of the evidence in order to determine the circumstances under which said parties entered such land and purchased such water contracts. This court, however, cannot review the evidence in this case for the reasons heretofore stated, and must determine the questions of law occurring during the trial with reference to the pleadings alone.

A reference to the allegations of the complaint shows that the land in controversy had been surveyed by the government; that after segregation the Twin Falls Land and Water Company, with whom the state made the contract to furnish water to irrigate and reclaim such lands, caused a survey thereof to be made by one John E. Hayes; that the Hayes survey was erroneous and not in conformity to the government survey; that the claim of the defendants based upon the Hayes survey, as to the corners and boundary lines of the respective tracts, was wholly wrong and in violation of the rights of the plaintiffs, and that the true lines and boundaries were as. fixed and determined by the government survey. From the allegations of the complaint it will be seen that the primary object of the action was to have determined the correctness of the Hayes survey, and whether the parties to the action took title in accordance with the government survey or the Hayes survey.

In the answer and cross-complaint the defendants claimed that the Hayes survey was made for the purpose of relocating the corners of the government survey, and not for the purpose or with the intention of making another or different survey, or locating or establishing corners or lines different from those established by the government survey. The answer admitted that there were differences and discrepancies between the survey made by Hayes and the government. The answer thus far put in issue directly the Hayes survey, and whether it was in accordance with the government survey. Any evidence, therefore, offered by either party tending to prove the allegations of the complaint or the answer and cross-complaint was relevant and proper. The evidence

objected to and upon which appellants base the alleged errors of the trial court was offered and. admitted by the trial court for the purpose of proving the allegations of the complaint with reference to the Hayes survey. Whether such evidence proved such allegations of the complaint as were put in issue by the answer is not presented upon this appeal.

The answer also alleged a state of facts upon which the defendants made claim, that plaintiffs were estopped from claiming that defendants entered land other than in accordance with the corners and lines as fixed and established by the Hayes survey. These allegations were intended to present a state of facts which, under the rule announced by this court in the case of *Taylor v. Reising*, 13 Ida. 226, 89 Pac. 943, would estop the plaintiffs from contending that the lines were other than in accordance with the Hayes survey. Under the issue thus presented, any evidence which in any way tended to show the facts and circumstances under which the parties entered such land and made contracts for water to irrigate the same was admissible. The defendants in their answer alleged that after the lands were selected by the different entrymen, another survey was made by one C. W. Levisee, which purported to re-establish the government corners and lines, and that plaintiffs claimed that the Levisee survey was correct and that the boundaries of their lands existed and were determined by the corners and monuments of the said Levisee survey. From these allegations it clearly appears that the location of the corners of the Hayes and Levisee surveys, and whether either or both of such surveys conformed to the government survey, was directly put in issue. This being true, any evidence which threw any light upon the manner in which either survey was made or the correctness or incorrectness of either, was properly admissible. It was from such facts that the court must determine the correctness of the respective surveys. Whether the evidence supports the findings of the trial court with reference to which survey is correct is not presented on this appeal.

It is also contended that the trial court erred in permitting evidence tending to show that after the Levisee survey

had. been made some of the parties to the action adjusted their lines and improvements and made their claim of ownership to land in accordance with the Levisee survey. This evidence was competent and had a tendency to throw light upon the issue of estoppel presented by the defendants by their answer and cross-complaint. We have carefully examined all of the objections made by counsel for appellant with reference to the admissibility of evidence in this case and find no error in the record.

It was also contended by counsel for appellant upon the oral argument that the pleadings do not support the findings and judgment. An examination of the findings and judgment shows clearly that the trial court followed closely the allegations of the pleadings in making such findings and entering judgment, and that the findings and judgment are in accord with the purpose and object of the action as shown by the pleadings. We find no error in the record and the judgment is *affirmed.* Costs awarded to respondents.

Ailshie, J., concurs.

Sullivan, C. J., did not sit at the hearing.