Points Decided.

(November 27, 1917.)

# STATE, Respondent, v. MARTIN J. MAGUIRE, Appellant.

## [169 Pac. 175.]

CRIMINAL LAW—INTOXICATING LIQUORS—NUISANCE—EXCEPTIONS—EVI-
DENCE—SUFFICIENCY OF—CONTINUING CRIME—SEPARATE OFFENSE—
ADMISSIBILITY OF RECORDS.

1. In order to procure a review of an order of the trial court in refusing to set aside an indictment or information, or overruling a demurrer, an exception to such order must be saved in the record.

2. Orders refusing to set aside an indictment and disallowing a demurrer are not appealable, and can be reviewed by this court only on appeal from a final judgment when properly presented by the record on appeal.

3. Where the exceptions provided for in sec. 7942, Rev. Codes, are not taken and saved at the time the order complained of was made, or if they were not properly presented in the record by bill of exceptions, the objections are waived and cannot be considered in this court on appeal.

4. The action of the trial court in overruling a motion for arrest of judgment cannot be considered by this court where no such motion and order has been incorporated in the record.

5. Under the statutes of this state the sufficiency of the evidence to sustain the judgment may be inquired into without the formal motion for a new trial, "provided, a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the supreme court."

6. The record on appeal in a criminal case, containing a reporter's transcript, does not present the question of the insufficiency of the evidence to support the verdict unless the appellant in his brief points out the particulars in which the evidence is alleged to be insufficient.

7. The crime of maintaining a liquor nuisance under our statutes is a continuing offense.

8. Where the defendant is charged with maintaining a liquor nuisance on the 29th day of January, 1915, and evidence is introduced to sustain the information as to that date, and further evidence is introduced to show that the defendant was maintaining a liquor nuisance on the 8th day of September, 1914, the latter evi-

On evidence of other crime to prove defendant's connection with viola-
tion of liquor law, see note in 62 L. R. A. 290, 325.

dence is admissible where evidence is also introduced tending to show a continuation of the nuisance between the two dates.

9. Evidence is admissible of acts, conduct or declarations of the accused which tend to establish knowledge, intention or motive, notwithstanding the fact that it may disclose a different crime from that charged in the information.

10. The original records of liquor shipments of express companies, railroad companies, public or private carriers, prepared in accordance with sec. 6, chap. 27, Sess. Laws 1913, p. 126, are admissible in evidence under the laws of this state without identification of the signature of the consignee.

[As to recovery of cumulative penalties under penal statute, see note in Ann. Cas. 1912A, 820.]

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Appellant was convicted of maintaining a common nuisance in a prohibition district. *Affirmed.*

William P. Hanson, for Appellant.

The state cannot prove against the defendant any crime not alleged, either as the foundation for separate punishment or for the purpose of aiding to prove that he is guilty of the one charged. (*People v. Molineux,* 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193, and note which reviews the authorities; 2 Woolen and Thornton on Intoxicating Liquors, sec. 931; *State v. Gillies,* 40 Utah, 541, 123 Pac. 93, 43 L. R. A., N. S., 776, 777.)

J. H. Peterson, former Atty. Genl., T. A. Walters, Atty. Genl., and J. P. Pope, Assistant, for Respondent.

On a trial for selling liquors illegally, the books of an express company are competent evidence to show the shipment and delivery of goods to the buyer, and the dates thereof. (*State v. Kriechbaum,* 81 Iowa, 633, 47 N. W. 872; *Commonwealth v. Neylon,* 159 Mass. 541, 34 N. E. 1078; *State v. Johns,* 140 Iowa, 125, 118 N. W. 295; *People v. Aldorfer,* 164 Mich. 676, 130 N. W. 351; *State v. Baker,* 67 Wash. 595, 122

Pac. 335; *State v. Silva,* 21 Ida. 247, 120 Pac. 835; *Klepfer v. State,* 121 Ind. 491, 23 N. E. 287; *F. Dohmen Co. v. Niagara Fire Ins. Co.,* 96 Wis. 38, 71 N. W. 69; *Northern Pacific Ry. Co. v. Keyes,* 91 Fed. 47.)

Where a drug-store is used as a cloak for indulging in illegal liquor traffic, the place of business becomes a nuisance under the 1913 and 1911 acts. (*State v. Salts,* 77 Iowa, 193, 39 N. W. 167, 41 N. W. 620; *State v. McGruer,* 9 N. D. 566, 84 N. W. 363; *State v. Donovan,* 10 N. D. 203, 86 N. W. 709; *Commonwealth v. Gould,* 158 Mass. 499, 33 N. E. 656.)

Wherever intent is a material ingredient of the offense, evidence of similar offenses is always admissible, and the remoteness of the offense does not affect the admissibility. (*State v. O'Neil,* 24 Ida. 582, 135 Pac. 60.)

It is not necessary to discuss in detail the sufficiency of the evidence, since defendant abandoned his motion for a new trial, but the following authorities conclusively preclude any importance being attached to that contention: *State v. Clark,* 4 Ida. 7, 35 Pac. 710; *State v. Carlson,* 23 Ida. 545, 550, 130 Pac. 463; *State v. Layman,* 22 Ida. 387, 125 Pac. 1042.

RICE, J.—Martin J. Maguire was convicted of the crime of maintaining and assisting in maintaining a common nuisance, committed by occupying, maintaining and controlling a place in a prohibition district where intoxicating liquors were kept for sale, delivery, distribution or disposal in violation of law.

There are six assignments of error. The first assignment is that the court erred in denying defendant's motion to quash the information, and the second is that the court erred in overruling defendant's demurrer.

In order to procure a review of the order of the trial court in refusing to set aside an indictment or information or overruling a demurrer, an exception to such order must be saved in the record. Sec. 7942, Rev. Codes, reads as follows:

"Exceptions may be taken by either party to the decision of a court or judge upon a matter of law:

"1. In granting or refusing a motion to set aside an indictment;

"2. In allowing or disallowing a demurrer to an indictment;

"3. In granting or refusing a motion in arrest of judgment;

"4. In granting or refusing a motion for a new trial;

"5. In making, or refusing to make, an order after judgment, affecting any substantial right of the parties."

Orders refusing to set aside an indictment and disallowing a demurrer are not appealable and can be reviewed by this court only on appeal from a final judgment when properly presented by the record on appeal. (Sec. 8042, Rev. Codes, amended 1915 Sess. Laws, p. 324, and sec. 8043, Rev. Codes.) The method of presenting to this court questions of law arising out of the action of the court in granting or refusing a motion to set aside an indictment or allowing or disallowing a demurrer to an indictment are prescribed by sec. 7944, Rev. Codes. Secs. 7942 and 7944 have not been amended. Chapters 146, 147, 148, 149 and 150, 1915 Sess. Laws, make provision for the record on appeal in criminal cases. These chapters also provide for the procurement of transcript of the testimony at a trial, including instructions of the court given or refused, in lieu of bill of exceptions. But these chapters do not make any provision for the presentation of the exceptions provided for in sec. 7942 of the Code.

The method prescribed by sec. 7944 is the only one known to our laws for the presentation of the exceptions therein provided for. It has been held uniformly that where the exceptions provided for in sec. 7942 were not taken and saved at the time the order complained of was made, or if they were not properly presented in the record by bill of exceptions, the objections are waived and cannot be considered by this court on appeal. (*State v. Baker,* 28 Ida. 727, 156 Pac. 103; *State v. Smith,* 4 Ida. 733, 44 Pac. 554; *State v. Smith,* 5 Ida. 291, 48 Pac. 1060.)

The record in this case does not show any exception taken to the orders of the court complained of, nor does it contain any bill of exceptions presenting the questions to this court.

Appellant also assigns as error the action of the trial court in overruling his motion for arrest of judgment. No such motion appears in the record in this court, and therefore the same cannot be considered.

The appellant relies upon sec. 8042, Rev. Codes, as amended 1915 Sess. Laws, p. 324, to have the sufficiency of the evidence to sustain the judgment of conviction inquired into without the formal motion for a new trial. Said section reads as follows:

"An appeal may be taken by the defendant:

"1. From a final judgment of conviction;

"2. From an order denying a motion for a new trial;

"3. From any order made after judgment, affecting the substantial rights of the party.

"Upon an appeal from a final judgment of conviction, if a reporter's transcript of the evidence appears in the record, the ground that the verdict is contrary to the evidence may be considered and determined to the same extent as on an appeal from an order denying a new trial, providing, a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the Supreme Court."

Sec. 7941, Rev. Codes, as amended 1915 Sess. Laws, pp. 320, 321, and sec. 7946-A, 1915 Sess. Laws, pp. 321-323, make provision for a reporter's transcript to be used in lieu of a bill of exceptions in order to present for review exceptions taken at a trial, and said sec. 7946-A provides that such reporter's transcript shall be adequate to present for review any question of insufficiency of the evidence, which may afterward be properly presented by specification of insufficiency in the brief on appeal.

Sec. 13 of art. 5 of the constitution provides that "the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the supreme court, so far as the same may be done without conflict with this constitution." Under the constitution it is

within the province of the legislature to prescribe what the record on appeal shall contain, and also what questions are presented by the record.

Since sec. 8042, as amended, requires specifications of the particulars in which the evidence is insufficient to sustain the verdict to be made in appellant's brief in order that any question of the insufficiency of the evidence may be reviewed by the supreme court, such questions are not presented unless the specification is made in the brief of appellant.

The only attempted specification of the insufficiency of the evidence to sustain the verdict in appellant's brief is as follows: "and for the further grounds that the evidence is insufficient to warrant the jury in finding the defendant guilty." This cannot be called a specification of the particulars in which the evidence is insufficient, and therefore this court cannot review the evidence contained in the record to determine whether or not it is sufficient to sustain the verdict. (*Humphrey v. Whitney*, 17 Ida. 14, 103 Pac. 389; *Hole v. Van Duzer*, 11 Ida. 79, 81 Pac. 109; *Warren v. Stoddart*, 6 Ida. 692, 59 Pac. 540; *Grand Trunk Ry. Co. v. Ives*, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. ed. 485; *Feil v. Northwest German Farmers' Mut. Ins. Co.*, 28 N. D. 355, 149 N. W. 358; *Roberts v. Shaffer*, 36 S. D. 551, 156 N. W. 67.)

The rule requiring the specifications to point out the particulars in which the evidence is alleged to be insufficient to support the verdict, or other findings, appears to have been relaxed in some recent civil cases in California where objection to the general assignment was not made by the adverse party. (*Knott v. Peden*, 84 Cal. 299, 24 Pac. 160; *Jones v. Goldtree Bros. Co.*, 142 Cal. 383, 77 Pac. 939.) But we think the language of our statute requires us to hold that the record on appeal in a criminal case which contains a reporter's transcript does not present the question of the insufficiency of the evidence to support the verdict unless the appellant in his brief points out the particulars in which the evidence is claimed to be insufficient. In so holding we are not arbitrarily depriving appellant of any rights in this case, for the

record as a whole contains evidence sufficient to warrant the jury in bringing in a verdict of conviction.

The appellant also specifies as error the reception of the evidence of one Evans over the objection of the defendant with relation to the purchase of intoxicating liquors from the appellant on the 8th day of September, 1914. The information charges that "the said Martin J. Maguire on or about the 29th day of January, 1915, at the county of Bonneville and state of Idaho, and prior to the filing of this information, did then and there wilfully, unlawfully and knowingly, within a prohibition district, occupy, maintain and assist in maintaining, and control, a certain place where intoxicating liquors were sold, delivered, furnished, given away or otherwise disposed of in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage and where intoxicating liquors were kept for sale, delivery or distribution and disposal in violation of law."

A very similar information was held sufficient in the case of *State v. Layman,* 22 Ida. 387, 125 Pac. 1042. The objection made at the trial was that the evidence was incompetent, irrelevant and immaterial and called for occurrences at a date not fixed by the information, and that evidence of another offense is not admissible until the offense charged in the information has been proved. As to the latter part of the objection, the order of the admission of the testimony is a matter within the sound discretion of the trial court. It does not appear in the case at bar that the court abused its discretion in this respect.

In the case of *Commonwealth v. Briggs,* 11 Met. (Mass.) 573, the court said:

"We take the rule to be well settled, in criminal cases, that when a continuing offense is alleged to have been on a certain day, and on divers days and times between that and another day specified, the proof must be confined to acts done within the time. It is equally well settled, that when an offense is alleged to have been committed on a day specified, the day is a matter of form to lay the venue, and proof of

the offense committed at any time within the statute of limitations will be sufficient to sustain the indictment, except where time enters into the nature of the offense."

See, also, in further illustration of this rule, *Commonwealth v. Pray*, 13 Pick. (Mass.) 359; *Commonwealth v. Adams*, 4 Gray (Mass.), 27; *State v. Small*, 80 Me. 452, 14 Atl. 942.

In the case of *State v. Reno*, 41 Kan. 674, 21 Pac. 803, Mr. Justice Valentine of the Kansas supreme court criticises the Massachusetts and Maine cases, and states that the rule is peculiar to those states alone.

There must be an identification of the offense charged, but if the offense charged is a continuing one and is alleged to have been committed on a certain day, some evidence must be introduced outside of the particular time alleged in the information in order to prove the offense. Thus, the supreme court of Michigan, in the case of *People v. Remus*, 135 Mich. 629, 98 N. W. 397, 100 N. W. 403, held that proof of a single unlawful sale of liquor is not sufficient to prove that one is keeping a place where such liquors are kept for sale. Proof of unlawful sales occurring near the time the offense is alleged to have been committed is admissible as tending to show the commission of the offense alleged, that is, as being a part or parcel of the same offense. In the case of maintaining a public nuisance under our statute, proof may be offered of unlawful sales of liquor at a time so remote that it could not be said to be evidence tending to prove the offense at the time alleged in the information. The question then arises as to whether such evidence is admissible. In the case at bar, under the facts disclosed by the record we do not think the evidence of witness Evans was too remote to be admissible as tending to prove the commission of the offense at the time alleged in the information. It is shown by the record that several consignments of liquor were received at the railroad and express offices for the defendant's drugstore, and were receipted for in defendant's name. Under the statute this is presumptive evidence that the liquor was received by the defendant. There was no change of occupancy or use by the appellant of the premises where the nui-

sance was alleged to have been maintained between the 8th day of September, 1914, and the time specified in the information. But even if it be conceded that proof of the unlawful sales of liquor on the 8th day of September, 1914, was evidence of a separate offense, it still might be admissible. Thus, in 8 R. C. L., p. 201, we find the following:

"Whenever mental state, scienter, or *quo animo* constitutes an ingredient of the offense charged, evidence is admissible of acts, conduct or declarations of the accused which tend to establish such knowledge, intention or motive notwithstanding the fact that it may disclose a different crime in law." (See *State v. O'Neil*, 24 Ida. 582, 135 Pac. 60.)

It was on the latter theory that the trial court admitted this testimony, as is evidenced by Instruction No. 11, which reads in part as follows:

" . . . . The evidence, in order to justify a conviction, must convince you beyond a reasonable doubt that the offense, if any, was committed on or about the time alleged in the information, and though you may believe that defendant is guilty of having committed a similar offense, or any offense, on or about September 8, 1914, or at other times more or less remote from January 29, 1915, yet you cannot convict the defendant of such other offense, or offenses, if any; and evidence tending to show such other offense, or offenses, if any, is permitted only for the purpose of corroborating and throwing light upon transactions, if any there were, and conditions at or about the time alleged in the information, if to your minds it does so corroborate or throw light upon such transactions and conditions, and it is for the jury to say what weight shall be given to such evidence."

We hold, therefore, that it was not error to admit the testimony of witness Evans.

The remaining error complained of is in permitting the records kept by the railroad and express companies to be introduced without proving their genuineness.

Sec. 6, chap. 27, 1913 Sess. Laws, p. 126, reads as follows:

"All express companies, railroad companies, public or private carriers, in any prohibition district within this state,

Opinion of the Court—Rice, J.

are hereby required to keep a separate rate book in which shall be entered, immediately upon receipt thereof, the name of the person to whom intoxicating liquors are shipped, from what city or town and state the liquor was shipped, and the name of the shipper, the amount and kind received, the date when received, the date when delivered, and to whom delivered; after which record, shall be a blank space in which the consignee shall be required to sign his own name in ink before such liquors are delivered to such consignee, which book shall be open to the inspection of the public, at any time during business hours of the company, and any transcript of entries upon any such records therein provided to be so kept which shall be made and certified to by the agent of any express company, railroad company, or any public or private carrier in any prohibition district in this state, shall constitute *prima facie* evidence of the facts therein stated and shall be admissible as evidence in any court in this state.''

In this case the original records were offered and received in evidence. These records were shown to have been the original records kept by the Oregon Short Line Railroad Company and the American Express Company, in accordance with the statute quoted above. It was also shown that the appellant receipted for the shipment of liquor received from the Oregon Short Line Railroad Company on the 28th day of January, 1915. The consignment was to the Maguire Drug Store, but it was shown that the appellant was the real consignee authorized to receipt for the shipments. Under the statute it is not necessary to identify the signature of the consignee in order to make such records admissible in evidence.

We do not deem it necessary to discuss the other assignments of error.

The judgment of the district court is affirmed.

Budge, C. J., and Morgan, J., concur.