(November 4, 1918.)

## STATE, Respondent, v. JOSEPH PARK, Appellant.

[175 Pac. 813.]

APPEAL—MOTION FOR NEW TRIAL—BILL. OF EXCEPTIONS—SETTLEMENT OF—EVIDENCE—SUFFICIENCY OF TO SUPPORT VERDICT.

1. An order denying a motion for a new trial cannot be reviewed on appeal in the absence of a bill of exceptions, settled in the manner prescribed by section 7944, Revised Codes.

2. *Held,* that the evidence as shown by the record on appeal was sufficient to sustain the verdict of the jury, and that the court did not err in refusing to give to the jury the instructions requested in behalf of appellant.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. James G. Gwinn, Judge.

Defendant was convicted of the crime of rape. Judgment *affirmed.*

C. W. Morrison and C. W. Poole, for Appellant.

A conviction on a prosecution on a, charge of rape is justified upon the uncorroborated testimony of the prosecutrix, only, when her statements are consistent with the circumstances surrounding the alleged commission of the act, and are not incredible or improbable; and only when her testimony stands unimpeached as to the material facts and circumstances. (*State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Trego,* 25 Ida. 625, 138 Pac. 1124; *State v. Johnson,* 26 Ida. 609, 144 Pac. 784; *Palmer v. State,* 7 Okl. Cr. 557, 124 Pac. 928; *Morris v. State,* 9 Okl. Cr. 241, 131 Pac. 731; *State v. Tevis,* 234 Mo. 276, 136 S. W. 339; *State v. Donnington,* 246 Mo. 343, 151 S. W. 975.)

"The circumstances surrounding the parties at the time must be such as to point to the probable guilt of the accused, or at least corroborate the testimony of the prosecutrix." (*Kidwell v. United States,* 38 App. Cas. (D. C.) 566.)

T. A. Walters, Attorney General, J. P. Pope, Assistant Attorney General, and A. C. Cordon, Prosecuting Attorney for Jefferson County, for Respondent, cite no authorities on points decided.

BUDGE, C. J.—The defendant was convicted of the crime of rape, committed on a female child, under the age of consent, and sentenced to serve a term of imprisonment in the state penitentiary. This appeal is from the judgment and from an order overruling a motion for a new trial.

The action of the trial court in denying appellant's motion for a new trial cannot be reviewed by this court, in the absence of a bill of exceptions, settled in the manner prescribed by sec. 7944, Revised Codes. (*State v. Smith,* 5 Ida. 291, 48 Pac. 1060; *State v. Smith,* 4 Ida. 733, 44 Pac. 554; *State v. Maguire, ante,* p. 24, 169 Pac. 175.)

There are numerous assignments of error, relied upon by appellant, involving the trial court's rulings upon the admission and rejection of evidence during the trial, all of which we have examined, but find no reversible error. Neither are we in accord with appellant's contention that the verdict is contrary to law.

Under the thirteenth assignment of error, appellant contends that the verdict is contrary to the evidence, and in his brief he undertakes to point out the particulars wherein the evidence is insufficient. We have not limited our investigation of the record to the particulars wherein it is contended in counsel's brief that the evidence is insufficient to sustain the verdict, but have carefully examined the entire record, and have reached the conclusion that the evidence is sufficient to support the verdict. The court did not err in refusing to give to the jury the instructions requested by the appellant. The judgment is affirmed. It is so ordered.

Morgan and Rice, JJ., concur.