(February 26, 1921.)

STATE, Respondent, v. FERMIN SUBISARETTA, Appellant.

[196 Pac. 625.]

MOTION FOR NEW TRIAL — EXCEPTION — FAILURE TO TAKE — BILL OF EXCEPTIONS—DISMISSAL.

1. Where an exception is not taken and saved at the time an order overruling a motion for a new trial is made, or if the objection to the order is not properly presented in the record by bill of exceptions, the objections are waived, and will not be considered on appeal.

APPEAL from the District Court of the Third Judicial District, for Boise County. Hon. Charles P. McCarthy, Judge.

From a judgment of conviction for herding and grazing sheep on a cattle range previously occupied by cattle, and from an order overruling a motion for new trial, defendant appeals. *Dismissed.*

Roy L. Black, Attorney General, and J. L. Boone, Assistant, for Respondent.

Where an exception is not taken and saved at the time an order overruling a motion for new trial is made, or if the objection to the order is not properly presented in the record by bill of exceptions, the objections are waived, and will not be considered by the supreme court on appeal. (Secs. 9007, 9008, 9010, 9013, C. S.; *State v. Maguire*, 31 Ida. 24, 169 Pac. 175; *State v. Ray*, 32 Ida. 363, 182 Pac. 85.)

Application for new trial must be made within ten days after verdict, or within ten days after expiration of period set by the court, extending time for making application. (Sec. 9018, C. S.)

Claude W. Gibson, for Appellant.

The supreme court "may" dismiss the appeal if irregular in any substantial particular, but not otherwise, on five days' notice. (Sec. 9078, C. S.)

The court "must" give judgment "without regard to technical errors or defects, or exceptions which do not affect the substantial rights of the parties." (Sec. 9084, C. S.) The supreme court may review the evidence to determine whether the verdict is contrary to the evidence, where the transcript of the evidence (reporter's transcript) appears in the record, in an appeal from the order, as implied in sec. 9068, C. S., and as held by a number of decisions of this court.

Sec. 9013, C. S., says "in lieu of bill of exceptions," and that means no bill of exceptions need be drawn or made; if none need be made, then the exceptions need not be made to the order, for the reason that all questions appearing in the transcript may be reviewed, even though a motion for a new trial does intervene.

The matters referred to in sec. 9008, C. S., may be reviewed through the means of the new procedure method without reference to taking exceptions at all. The transcript is "deemed" sufficient. It "shall have the force and effect of a bill of exceptions."

BUDGE, J.—On April 17, 1916, appellant was charged in the justice's court of Horseshoe Bend precinct, with wilfully, unlawfully, knowingly and intentionally herding, grazing and pasturing sheep in his charge on public domain occupied as a cattle range, and usually occupied by one George Cartwright, a cattle-grower, as a spring, summer and winter range for cattle.

From a judgment of conviction in the justice's court, appellant appealed to the district court of the third judicial district, on April 27, 1916, where, upon a trial *de novo*, he was again convicted and sentenced on October 26, 1916, to pay a fine and costs. Appellant filed a notice of motion and an application for a new trial on December 12, 1916. The motion for new trial was overruled on July 30, 1917. On August 22, 1917, an appeal was taken both from the judgment and from the order denying the motion for new trial.

Respondent moved to dismiss the appeal from the judgment, and it was conceded upon oral argument that the appeal from the judgment must be dismissed, for the reason that it was not taken within the time limited by C. S., sec. 9070.

The record does not show that an exception was taken to the order of the court overruling appellant's motion for new trial, and no exception was saved or settled in a bill of exceptions, for which reasons respondent moved to strike

from the files the purported transcript on appeal from said order and to dismiss the appeal therefrom.

Where an exception is not taken and saved at the time an order overruling a motion for a new trial is made, or if the objection to the order is not properly presented in the record by bill of exceptions, the objection is waived, and will not be considered on appeal. (C. S., secs. 9008, 9010; *State v. Smith,* 4 Ida. 733, 44 Pac. 554; *State v. Smith,* 5 Ida. 291, 48 Pac. 1060; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Parks,* 31 Ida. 694, 175 Pac. 813; *State v. Crawford,* 32 Ida. 165, 169 Pac. 511; *State v. Ray,* 32 Ida. 363, 182 Pac. 85; *State v. Mushrow,* 32 Ida. 562, 185 Pac. 1075.)

The motion to dismiss the appeal from the order denying appellant's motion for a new trial is sustained.

Rice, C. J., and Dunn and Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit at the hearing and took no part in the opinion.