(May 15, 1897.)

## STATE v. GORDON.

[48 Pac. 1061.]

CHALLENGES TO JURORS.—In making a challenge for implied bias the specific ground of challenge should be stated.

SAME—FOR ACTUAL BIAS—BIAS AGAINST ATTORNEY.—In a challenge for actual bias "it must be alleged that the juror is biased against the party challenging"; a challenge for actual bias predicated upon an alleged bias on the part of the juror against the attorney for the defendant cannot be entertained by the court.

CONTINUANCE—DISCRETION OF TRIAL COURT.—The granting of a continuance for the purpose of enabling the defense to procure evidence to impeach a witness for the prosecution is discretionary with the trial court, and will not be reviewed on appeal.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

S. S. Denning, for Appellant.

The appellant was indicted by information of the district attorney presumptively for the crime of murder in the first degree. He was found guilty of murder in the second degree. He moved for a new trial, which was overruled, from which order he appeals to this court and he also appeals from the judgment. The court erred in allowing the district attorney to proceed and examine the jurors, on implied and actual bias, against the protest and objection of the defendant, after the district attorney had passed the jury for general qualification and before the defendant had had opportunity to cross-examine the jurors as to such qualifications. (Code, secs. 7815-7848, and especially secs. 7846, 7847.) The district attorney was allowed to challenge jurors for implied bias without alleging the ground of implied bias. (Code, sec. 7836; *People v. Armstrong,* 2 Idaho, 298, 13 Pac. 342; *People v. Reynolds,* 16 Cal. 128; *People v. Renfrow,* 41 Cal. 37; *People v. Walsh,* 43 Cal. 447; *People v. Buckley,* 49 Cal. 241; *People v. Copsey,* 71 Cal. 548, 12 Pac. 721; *State v. Squires,* 2 Nev. 226; *Estes v. Richardson,* 6 Nev. 128; *State v. Raymond,* 11 Nev. 98, 107.) The court erred in refusing to grant triors to try

Opinion of the Court—Huston, J.

the matter of actual bias of jurors. (Code, secs. 7838-7845; *Ex parte Vermilyea* (1826), 6 Cow. 555; (1827), 7 Cow. 108; *People v. Mather* (1830), 4 Wend. 259, 21 Am. Dec. 122, and note; *O'Brien v. People*, 36 N. Y. 276; *Smith v. Floyd*, 18 Barb. 522; *People v. Allen*, 43 N. Y. 28; *People v. McMahon*, 2 Park. Cr. Rep. 663.) The court erred in allowing a witness to testify without allowing the defendant to make a showing as to his general reputation for truth and veracity, and continuing the cause for a reasonable time to allow the defendant to procure his witnesses to prove such facts. (*State v. Dickson*, 6 Kan. 209; *State v. Cook*, 30 Kan. 82, 1 Pac. 32; *State v. Sorter*, 52 Kan. 531, 34 Pac. 1036; *State v. Bokien*, 14 Wash. 403, 44 Pac. 889; *People v. Symonds*, 22 Cal. 348, and petition for rehearing; *People v. Freeland*, 6 Cal. 96; *People v. Hall*, 48 Mich. 482, 42 Am. Rep. 477, 12 N. W. 665; Wharton's Pleading and Practice, sec. 358.)

Attorney General R. E. McFarland, for the State.

This court has decided that an application for a continuance is one addressed to the sound and impartial discretion of the court, which should be supported by all the facts and circumstances pertaining to the case, and that courts of review will refuse to disturb a ruling on such question unless it appears that such discretion was abused and the ruling arbitrary. (*People v. Walter*, 1 Idaho, 386; *Herron v. Jury*, 1 Idaho, 164.) No irregularity in drawing, summoning, returning or impaneling trial jurors, is sufficient to set aside a verdict, unless injury results. (*People v. Ah Hop*, 1 Idaho, 698.)

HUSTON, J.—The defendant was convicted of murder in the second degree. On this appeal six errors are assigned, but five only were urged at the hearing, the fifth assignment having been abandoned upon the hearing. The transcript in this case, so far as the bill of exceptions is concerned and application for new trial, is in the same condition as that in the case of *State v. Smith* (decided at this term), ante, p. 291, 48 Pac. 1060, and the same rule will obtain in relation thereto. The first, second, third and sixth assignments of error are predicated upon the rulings of the court in the impaneling of

the trial jury. It seems the court permitted the district attorney to exhaust his challenges for cause to each juror before passing such juror to the defense, and this is assigned as error by the defendant. There was no error. This is the manner of impaneling juries which has been pursued in this jurisdiction, and is in strict accord with the provisions of the statutes. The second assignment of error, although somewhat indefinite in statement, is evidently intended to be an exception to the allowance by the court of a challenge of a juror on the part of the state for implied bias, without stating the specific grounds upon which the challenge was made. This was error. Our statutes (Rev. Stats., sec. 7834) specify nine separate grounds upon which a challenge for implied bias may be predicated, and it has been uniformly held that in making a challenge for implied bias the specific ground should be stated. We cannot understand why a rule so long established, and which should be familiar to everyone assuming the duties of a prosecuting officer, is so uniformly ignored; but it is so not only in this but in other jurisdictions where the same rule obtains. But, while it must be conceded that it was error for the district attorney to make his challenges for implied bias as he did, and for the court to allow them as so made, still we are unable to say that it was error prejudicial to the defendant. The facts upon which the challenge was based were before the court, and palpably supported the challenge. The challenges excepted to were all made by the state. If any prejudice existed or was anticipated by the defendant, he had abundant protection under his peremptory challenges; only three of the ten allowed him by statute having been exercised. And the error, while manifest, is at best only technical, and could not be said to have been prejudicial to the defendant. (*People v. Durrant*, 116 Cal. 179, 48 Pac. 75.) In *State v. McClear*, 11 Nev. 39, the court in its opinion, which is an exhaustive and instructive elucidation of the whole subject, enunciates the rule that "the great purpose of the right to challenge a juror for actual or implied bias is to secure to the defendant and the state a fair and impartial jury"; and when it is apparent from the record, as it is in this case, that that end was reached, this court will not reverse the judgment of the trial court. Under

the statute the defendant had ten peremptory challenges. He exercised but three. Counsel for defendants in criminal actions are prone to rely too much upon mere technical objections. Especially is this the case where the defense upon the merits is feeble. Section 8070 of the Revised Statutes of Idaho provides that: "After hearing the appeal the court must give judgment without regard to technical errors or defects, or exceptions which do not affect the substantial rights of the parties." The third specification of error is as follows: "The court erred in refusing to grant triors to try the matters of actual bias of jurors, when demanded by the defendant, to try the challenge for actual bias. The attorney for the defendant having passed a juror for "general cause," and for "implied bias," then proceeded to further examine the juror touching his feelings or sentiments in regard to the attorney himself, and after such examination challenged the juror for actual bias, which challenge was refused by the court. We find no error in this action of the trial court. "In a challenge for actual bias, it must be alleged that the juror is biased against the party challenging." (Rev. Stats., sec. 7836.) The juror in this case, as he stated on his examination on his *voir dire*, did not know the defendant, knew nothing of the case, had not formed nor expressed any opinion upon the merits of the case, and the challenge for actual bias was based entirely upon the suspicion of the attorney for the defendant that the juror was prejudiced against him personally, which the juror strenuously denied. However, be that as it may, it was no ground for a challenge for actual bias under our statutes. Desirable as no doubt it would be for counsel, in presenting a case to a jury, to feel an abiding trust that each and every one of the jurors was enamored of him personally, still the absence of such a sentiment in the mind of an individual juror cannot be recognized as ground for a challenge for actual bias. The issue upon which the jury are to pass is between the state and the defendant. The counsel, however eminent, is a mere incident.

The fourth assignment of error is to the action of the court "in allowing the witness J. C. Pierce to testify without allowing the defendant to make a showing as to his general reputa-

tion for truth and veracity, and continuing the cause for a reasonable time to allow the defendant to procure his witnesses to prove such facts." There was no error in this action of the court. There was no showing, by affidavit or otherwise, in support of defendant's request, and, even had there been, it was a matter within the discretion of the trial court, and will not be reviewed except in case of abuse, wihch did not exist in this case. (*People v. Walter,* 1 Idaho, 386.)

The sixth assignment was not urged upon the hearing, and is sufficiently considered in what has been said in regard to the second and third assignments. The judgment and order of the district court is affirmed.

Sullivan, C. J., and Quarles, J., concur.