(November 25, 1899.)

## STATE v. McGRAW.

[59 Pac. 178.]

CRIMINAL LAW—CHALLENGING JUROR—IMPLIED BIAS.—Juror may be challenged for implied bias, on the ground that he is client of opposing counsel. (Rev. Stats., sec. 7834, subd. 2.)

SAME—PEREMPTORY CHALLENGES—ATTORNEY AND CLIENT.—Defendant in criminal case cannot, on appeal, complain of error of trial court in sustaining challenge to an individual juror, when he accepts the panel before exhausting his peremptory challenges. (*State v. Gordon*, 5 Idaho, 297, 48 Pac. 1061.)

EXCUSING JUROR—NEW TRIAL.—Error in excusing a juror is not ground for a new trial in a criminal action. (Rev. Stats., sec. 7941.)

PASSAGE OF BILL BY LEGISLATURE.—Act of February 19, 1895 (Sess. Laws 1895, p. 19), amending section 6765 of the Revised Statutes, properly passed by both houses of the legislature.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

James W. Reid. for Appellant.

Simply because the juror, Marion Butler, was a client of the defendant's attorney was no proper ground of challenge. (Idaho .Rev. Stats., sec. 7834, sub. 2.) The statute concerning rape is unconstitutional and void. (*Cohn v. Kingsley*, 5 Idaho, 416, 49 Pac. 985; *State of Idaho v. Baker*, ante, p. 496, 56 Pac. 81.)

S. H. Hays, Attorney General, for the State.

Appellant assigns as error that the court erred in excusing the juror Marion Butler. Under section 7996 of the Re-

vised Statutes, a copy of the minutes of a challenge interposed to an individual juror and the proceedings and decision thereon are part of the record. But in order to avail himself of an objection in this way a bill of exceptions must be settled as provided in section 7941 of the Revised Statutes. This was not done in this case. In any event, an erroneous decision upon this point would not be reversible. (*State v. Gordon,* 5 Idaho, 297, 48 Pac. 1061.) The second error assigned is that the court overruled the objection of defendant to the introduction of testimony, for the reason that the act under which the information was filed is unconstitutional. We contend that where the general purpose, subject or proposition of the bill is not materially changed by the amendment, that the amendment need not be read on three several days. Only material amendments changing the scope, or purpose of the bill need be read on three several days, for the reason that at the time of the adoption of our constitution we adopted the construction given by the courts of California, and for the further reason that all of the authorities which had passed upon this question at that time had decided in conformity with the rule laid down in California, and that since no court had at that time held to a contrary view, that this court is morally and legally bound to adopt that construction. (See *People v. Wallace,* 70 Ill. 680; *State v. Brown,* 33 S. C. 151, 11 S. E. 641; *State v. Platt,* 2 S. C. 150, 16 Am. Rep. 647; *Supervisors v. Heenan,* 2 Minn. 330 (281); *Miller v. State,* 3 Ohio St. 475; *State v. Doherty,* 3 Idaho, 384, 29 Pac. 855; *Larison v. P. A. & D. R. R.,* 77 Ill. 11; *Ferguson v. M. & M. Bank,* 35 Tenn. 609.)

SULLIVAN, J.—The defendant was prosecuted by information for the crime of rape, convicted, and sentenced to imprisonment for a term of fifteen years. His motion for a new trial was denied, and this appeal is from the judgment and order denying a new trial.

The first error assigned is, the court erred in excusing juror Butler on the ground that he was a client of the attorney for the defendant. Under subdivision 2, section 7834 of the Revised Statutes, a challenge for implied bias may be taken to a

juror when such juror is a client of the opposing attorney. Counsel for appellant admits such relation existed between himself and said juror. We do not think the court erred in excusing said juror. If it was error, it was without prejudice, as defendant had not exhausted his peremptory challenges when he accepted the jury. (*State v. Gordon,* 5 Idaho, 297, 48 Pac. 1061.) And, further, said exception was not saved by bill, as provided by the provisions of section 7941 of the Revised Statutes, or at all. Error in excusing a juror is not one of the grounds for which a new trial may be granted. (Rev. Stats., sec. 7952.) It also appears in the record at folio 45 that both plaintiff and defendant waived all challenges as to the impaneling the jury.

The second error assigned involves the constitutional passage of the act under which the defendant was prosecuted and convicted. We have examined a certified copy of the House and Senate journals in regard to the passage of said act. It shows that said bill was duly printed, and read three times in each House; that on its final passage in each House said bill was read at length, section by section, and a yea and nay vote taken thereon, which vote was entered on the respective journals; and that said act was passed by a majority of all members present in each House. The act was duly enrolled, signed by the speaker of the House and president of the Senate, and approved by the governor. The bill was regularly passed, and the court did not err in so holding.

Several other errors are assigned, which go to the introduction of evidence, to the instructions given, and to the corroboration of the prosecutrix, all of which we have examined with some care, and in none of them do we find error. The judgment of the court below must be sustained and it is so ordered.

Huston, C. J., and Quarles, J., concur.