(September 29, 1913.)

STATE, Respondent, v. WILLIAM A. FONDREN, Appellant.

[135 Pac. 265.]

CRIMINAL LAW—CHALLENGE TO JUROR—PREJUDICE AND BIAS OF JUROR—
INSTRUCTIONS — SELF-DEFENSE — ACTING ON APPEARANCES—ARGU-
MENT OF COUNSEL.

1.  Where a defendant in a criminal case interposes a challenge to a juror for cause, and the challenge is overruled and he accepts the juryman without exercising all of his peremptory challenges, he cannot be heard on appeal to urge the action of the court in denying his challenge to the juryman as prejudicial error.

2.  Where a defendant who has been convicted of a crime moves for a new trial and sets up as one of the grounds of his motion that one of the jurors was prejudiced and biased against him and that he had been unable to learn of the statements which had been made by the juror prior to accepting him on the jury and files affidavits showing the statements made by such juror, and the juror

files an affidavit denying the same and numerous affidavits from his neighbors and acquaintances to the effect that he is a man of good standing and sustains a good reputation for truth, honesty and integrity in his neighborhood and among those who know him, the trial court does not err in denying a new trial on account of such alleged statements and prejudice.

3. Instructions given in this case to the effect that the defendant was not justified in killing the deceased simply because the latter was contesting his homestead entry correctly stated the law, and was not prejudicial to the defendant in the case, although defendant was not urging any such a defense.

4. *Held,* that the court properly refused to give the following instruction on account of the erroneous nature of italicized statement contained therein: "The court instructs the jury that, upon the trial of a criminal cause, if a reasonable doubt of any facts necessary to convict the accused is raised in the minds of the jury by the evidence itself *or by the argument of counsel* upon any hypothesis reasonably consistent with the evidence, that doubt is decisive in favor of the prisoner and he should be acquitted."

5. Certain requested instructions examined and held to be substantially correct statements of the law, and that they were covered by the instructions given by the court on its own motion.

6. *Held,* that the following instruction substantially states the correct rule of law and should ordinarily be given in a murder case where the plea is self-defense: "The court instructs the jury as a matter of law that a person need not be in actual, imminent peril of his life or of great bodily harm before he may assault his assailant; it is sufficient if in good faith he has a good and reasonable belief from the facts as they appear to him at the time that he is in such imminent peril."

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Prosecution on the charge of murder. Conviction of murder in the second degree. Defendant appealed. *Affirmed.*

McFarland & McFarland, for Appellant.

Instructions should be in harmony with the facts in the case or the theories of the defense or prosecution and should be germane, and should be free of argument, intimation or insinuation. (1 Brickwood, Sackett's Instructions, 3d ed., 171–176; *Whitman v. McComas,* 11 Ida. 564, 83 Pac. 604;

*Gwin v. Gwin,* 5 Ida. 271, 48 Pac. 295; *Idaho Mer. Co. v. Kalanquin,* 8 Ida. 101, 66 Pac. 933.) Instructions 37, 38, 39 and 40 requested by appellant had not been covered by any other instruction given by the court, and clearly state the law. (*People v. Fitzgerald,* 138 Cal. 39, 70 Pac. 1014; *Allen v. State,* 70 Ark. 337, 68 S. W. 28.)

Instruction No. 41 requested by appellant should have been given by the court, because it was not fully or otherwise covered by any previous instruction, and stated the law as recognized by every jurisdiction. (*Carle v. People,* 200 Ill. 494, 93 Am. St. 208, 66 N. E. 32.)

J. H. Peterson, Attorney General, J. J. Guheen and T. C. Coffin, Assistant, for Respondent.

"If it be a ground for a new trial under sec. 7952, Rev. Stats., that a juror, prior to the trial, expressed an opinion that the defendant is guilty, which is doubted, one or two *ex parte* affidavits are not sufficient to overcome the positive statement of such juror made on his *voir dire* examination that he has no opinion and has never formed or expressed an opinion as to the guilt or innocence of the accused, and such juror is shown to have a good reputation for truth and veracity among his neighbors and acquaintances." (*State v. Davis,* 6 Ida. 159, 53 Pac. 678; *State v. Marren,* 17 Ida. 766, 134 Am. St. 286, 107 Pac. 993.)

AILSHIE, C. J.—The defendant and appellant herein was convicted of murder in the second degree and sentenced to an indeterminate term of imprisonment of not less than ten nor more than twenty-five years. This appeal is taken from the judgment.

The first assignment of error is directed against the action of the court in overruling and denying appellant's challenge to the juror, John W. Fredericks, upon the grounds of both actual and implied bias. Based upon the record showing the examination of the juror, we think the court properly denied the challenge. There is another reason, however, in this case why the appellant's contention is not well taken, and that is

that he failed to exercise all of his peremptory challenges and left this man on the jury. (*State v. Gordon,* 5 Ida. 297, 48 Pac. 1061; *State v. McGraw,* 6 Ida. 635, 59 Pac. 178.) After verdict and judgment the appellant moved for a new trial and set up the disqualification of the juror Fredericks, and alleged that he was biased and prejudiced against the appellant, and produced affidavits to the effect that he had made the statement prior to being accepted on the jury that the defendant "ought to be hung." These affidavits were denied by an affidavit of the juror, and in addition to that the state filed a number of affidavits from the juror's neighbors to the effect that he was a man of high standing and in good repute among his neighbors and acquaintances for truth, honesty and integrity. The showing made by appellant was not sufficient to either require or warrant the granting of a new trial. The cases of *State v. Davis,* 6 Ida. 159, 53 Pac. 678, and *State v. Marren,* 17 Ida. 766, 134 Am. St. 286, 107 Pac. 993, are decisive of this question.

The greater number of errors assigned by appellant are directed against the action of the court in its rulings in the rejection and admission of evidence. We do not find where the court has committed any such error as would justify a reversal of the judgment or that could with any show of reason be said to have prejudiced any substantial right of the defendant. Where the court cannot so hold, the judgment cannot be reversed. (Sec. 8070, Rev. Codes.)

The appellant complains of the action of the court in giving instruction No. 31. That instruction reads as follows:

"The court instructs the jury that the fact that the deceased filed a contest against the defendant concerning a homestead on government land is not any justification for the taking of the life of the deceased by the defendant, and evidence of the filing of said contest has been admitted in this case for the bearing it may have on the acts and conduct of the defendant and the deceased at the time of the alleged killing and is not to be considered by you as constituting any justification for the killing of the deceased by the defendant,

if from the evidence you find that the defendant did kill the deceased.''

.The homicide occurred at the cabin occupied by the appellant, which was located on a government homestead entry. The man killed was named Coplan, and Coplan was contesting appellant's homestead entry and had gone to the cabin on the evening of the homicide for the purpose of serving the contest papers on appellant, and had just delivered to him the copies of the papers only a few moments before the difficulty occurred in which Coplan was shot. Considerable evidence was introduced, principally by the state, concerning this contest, and the state sought to draw some inferences from appellant's conduct in trying to avoid the service of process. Appellant contends that this instruction was prejudicial to him before the jury and tended to mislead them as to his real defense. It is true that he did not make any pretense of justifying his action by reason of the deceased contesting his homestead entry. There was certainly no use in giving any such instruction to the jury. If there was anyone on the jury who did not already know that such was the law, he was hardly a competent juryman. On the other hand, we do not see how the giving of this instruction would have been the cause of appellant's conviction or could have prejudiced him before the jury.

The appellant requested the court to give instructions Nos. 36, 37, 38, 39, 40 and 41, and the request was refused, and that action is assigned as error. Requested instruction No. 36 contained one statement which alone was sufficient to justify the court in declining to give it in that form. That request was as follows, and we italicize the part which we think vitiated the instruction:

''The court instructs the jury that, upon the trial of a criminal cause, if a reasonable doubt of any facts necessary to convict the accused is raised in the minds of the jury by the evidence itself *or by the argument of counsel* upon any hypothesis reasonably consistent with the evidence, that doubt is decisive in favor of the prisoner and he should be acquitted.''

With the italicized words omitted, the instruction is substantially the same as that which has been approved by practically all the courts. The approved instruction, however, is strong enough without opening any new avenue through which to create doubt in the minds of jurors as to the guilt or innocence of a defendant. The "reasonable doubt" entertained by a juror which requires him to return his verdict in favor of the defendant must grow out of the evidence or lack of evidence in the case, but they are not to depart from the evidence and take the arguments and statements made by counsel for cause of doubt. In other words, the arguments and statements made by counsel are not evidence in the case, and instructions of this kind should not extend to the argument of counsel. It would be much better to advise a jury that the argument and statement of counsel is not to be taken as evidence in the case and that they must decide the case upon the evidence and not upon statements of counsel. Arguments of counsel are only valuable to the jury in so far as they summarize and marshal the evidence before the minds of the jurors and advance reasons deducible therefrom. The court had covered the ground of reasonable doubt in his own instructions in this case.

Requested instructions Nos. 37 and 38 were substantially correct and had been covered in effect by the instructions of the court. Instructions 39 and 40 were properly rejected. They are too argumentative and refined to aid a jury in a case of this kind. Instruction No. 41 was as follows:

"The court instructs the jury as a matter of law that a person need not be in actual, imminent peril of his life or of great bodily harm before he may assault his assailant; it is sufficient if in good faith he has a good and reasonable belief from the facts as they appear to him at the time that he is in such imminent peril."

This is a correct statement of the law and should be given in all such cases as the one at bar. A man does not have to wait until he sees whether he is going to be killed or not before attempting to protect himself when another is assailing him with all appearances of having both a present

intention and ability to either take his life or do him great bodily injury. (*State v. McGreevey,* 17 Ida. 453, 105 Pac. 1047.) Men act in the ordinary affairs of life upon appearances, and a man has a right to protect his person by acting upon the appearances, action and conduct of his adversary, the same as he would act upon like or similar appearances in any of the ordinary business affairs of life. (*State v. McGreevey, supra.*) This instruction was fully covered, however, by instruction No. 15 given by the court on his own motion.

We find no error in the record which would call for a reversal of the judgment. The judgment is *affirmed.*

Sullivan, J., concurs.

STEWART, J., Concurring Specially.—I concur in the conclusion in this case. Instruction No. 36 was refused by the court. Exception was taken and the ruling of the trial court is assigned as error.

This instruction given to the jury, standing alone, would justify a reversal of the case. A statement of the trial judge to the jury, "that if a reasonable doubt of any facts necessary to convict the accused is raised in the minds of the jury by the evidence itself, or by the argument of counsel upon any hypothesis reasonably consistent with the evidence, that doubt is decisive in favor of the prisoner and he should be acquitted," has the tendency to mislead the jury, as it tells the jury that if a reasonable doubt necessary to convict is raised in their minds by argument of counsel, that doubt is decisive in favor of the prisoner, and the jury might conclude that the argument of counsel was more convincing than the evidence in determining the question of doubt of the guilt.

I am inclined to think in this case that if the instruction had been given, the trial court in the instructions given upon reasonable doubt and the presumption of the defendant's innocence and the duty of the jury as to finding the defendant guilty or acquitting him upon the evidence, overcomes and explains the statement to the jury in instruction 36, and that

such instructions given by the court take away the vice of instruction 36.

In instruction 19 of the court the jury were told that "the law presumes the defendant innocent . . . . and not guilty . . . . and that this presumption should continue and prevail in the minds of the jury until they are satisfied by the evidence, beyond a reasonable doubt, of the guilt of the defendant"; and in instruction 22 the court instructs the jury that "to justify the conviction of the defendant, the burden is on the prosecution to prove by creditable evidence, to the satisfaction of the jury, beyond a reasonable doubt, that such defendant is guilty as charged in the information . . . . and if the evidence fails thus to satisfy the jury of the guilt of the defendant, it is the duty of the jury to acquit the defendant."

These instructions clearly state the law, and in instruction 22 the court specifically states to the jury that the verdict must be based wholly upon the evidence; and in instruction 23 defines reasonable doubt as this court has approved in a large number of cases.

I do not believe the court would have committed an error upon the evidence in this case, which clearly establishes the defendant's guilt, as shown by the record, had he given instruction 36.