(July 8, 1919.)

## STATE, Respondent, v. JOHN T. RAY, Appellant.

[182 Pac. 857.]

APPEAL—ORDER DENYING NEW TRIAL—BILL OF EXCEPTIONS—DISMISSAL
—INSTRUCTIONS — EXCEPTIONS — EVIDENCE — REBUTTAL — PREJU-
DICE, NECESSITY FOR SHOWING.

1. A bill of exceptions is the only statutory record provided for
on appeal from an order overruling a motion for a new trial in a
criminal case.

2. An appeal from an order overruling a motion for a new trial
in a criminal case will be dismissed where no bill of exceptions, em-
bodying the proceedings had on the motion, has been preserved, set-
tled or filed.

3. Instructions given on the court's own motion in a criminal
case are not deemed excepted to, and in order to be reviewed must
be excepted to and properly preserved by a bill of exceptions, or
excepted to and incorporated in the reporter's transcript of the pro-
ceedings at the trial.

4. Error predicated upon the admission of evidence in rebuttal,
upon the ground that there was no dispute concerning the matters
to which the testimony related, will be disregarded where appellant
has made no attempt to show wherein he was prejudiced thereby,
nothing prejudicial being apparent from the record, since this
court is enjoined by statute to give judgment without regard to
technical errors or defects or to exceptions which do not affect the
substantial rights of the parties.

APPEAL from the District Court of the Tenth Judicial
District, for Nez Perce County. Hon. Wallace N. Scales,
Judge.

Appellant was convicted of the crime of unlawfully having
in his possession intoxicating liquors. *Affirmed.*

Clay McNamee and S. O. Tannahill, for Appellant.

Where chances are equal that defendant has been preju-
diced, a new trial should be granted. (*Hoberg v. State,* 3
Minn. 262.)

It is proper for the trial court to exclude irrelevant evidence when offered in rebuttal. (*Sontag v. Gooding,* 85 Ill. 452.) It is not proper to admit evidence not strictly rebuttal in a criminal cause. (*Williams v. Commonwealth,* 90 Ky. 596, 14 S. W. 595; *Oldham v. Commonwealth,* 22 Ky. Law Rep. 520, 58 S. W. 418; *King v. State,* 74 Miss. 576, 21 So. 235; *State v. Jaggers,* 58 S. C. 41, 36 S. E. 434.)

R. L. Black, Attorney General, Dean Driscoll, Assistant, for Respondent.

A bill of exceptions is the only record on appeal from order overruling motion for new trial. (C. L., secs. 7942, 7944, 7946a, 8051; *State v. Smith,* 5 Ida. 291, 48 Pac. 1060; *State v. Larkin,* 5 Ida. 200, 47 Pac. 945; *State v. Dupuis,* 7 Ida. 614, 65 Pac. 65; *State v. Maguire,* 31 Ida. 24, 26, 169 Pac. 175.)

The court will not regard technical errors or defects not affecting substantial rights. (C. L., sec. 8070.) Irregular conduct of jurors which is not prejudicial is no ground for new trial. (*People v. Yee King,* 24 Cal. App. 509, 141 Pac. 1047; *People v. Tugwell,* 32 Cal. App. 520, 163 Pac. 508; *People v. Hope,* 62 Cal. 291.)

Instructions given by the court on its own motion must be excepted to and embodied in bill to be reviewed on appeal. (*State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.) Exceptions must be taken to the ruling of court on evidence. (C. L., secs. 7940, 7941, 7946a; *State v. Maguire,* 31 Ida. 24, 26, 169 Pac. 175.)

BUDGE, J.—Appellant was convicted of the crime of unlawfully having in his possession intoxicating liquors and sentenced to serve a term of imprisonment in the county jail and to pay a fine. This appeal is from the judgment and from an order overruling a motion for a new trial.

At the outset we are met with a motion to strike from the files the transcript on appeal from the order denying the motion for a new trial and to dismiss the appeal from said order. One ground of the motion is that no bill of excep-

tions, embodying the proceedings had on the motion for a new trial, was ever made, settled, served or filed.

The transcript filed in this court contains copies of certain files in the office of the clerk of the court below, certified by the clerk. In this certificate, the clerk states that the transcript contains a full, true and correct copy of all the files and records in the said action now on file and of record in the action which were used on the hearing of the motion of appellant for a new trial. The transcript does not contain anything which purports to be, or was ever intended to be, a bill of exceptions preserving the record. The bill of exceptions is the only statutory record provided for on appeal from an order overruling a motion for a new trial in a criminal case. (C. L., sec. 8051; *State v. Smith,* 4 Ida. 733, 44 Pac. 554; *State v. Smith,* 5 Ida. 291, 48 Pac. 1060; *State v. Baker,* 28 Ida. 727, 156 Pac. 103; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Park,* 31 Ida. 694, 175 Pac. 813.) The motion is sustained.

Assignments Nos. 1 and 3 relate to the order denying the motion for a new trial, and will not be discussed.

Assignment No. 2, that the court erred in pronouncing the judgment and sentence which it did against the defendant, not only has not been discussed in appellant's brief, but necessarily must stand or fall with the other errors relied upon.

Assignment No. 4 attacks the giving of certain particular instructions, and assignment No. 12 attacks generally all the instructions given. The record discloses that these instructions were given on the court's own motion. No exceptions were taken thereto. Instructions given on the court's own motion are not deemed excepted to, and in order to be reviewed must be excepted to and preserved by bill of exceptions, or excepted to and incorporated in the reporter's transcript of the proceedings at the trial. (*State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.) The reporter's transcript of the evidence and proceedings had and exceptions thereto on the trial presents for review only such rulings as appear therein to have been excepted to or are by statute deemed excepted to. (C. L., sec. 7946 (a).) Since no exception was taken to the giving of

these instructions, and they are not deemed excepted to, they cannot be reviewed. (*State v. Maguire, supra.*)

The ruling of the court attacked by assignment No. 5 was not excepted to, and falls within the same rule.

Assignments Nos. 6, 7, 8 and 9 are without merit.

Assignments Nos. 10 and 11 predicate error upon the admission of certain testimony offered in rebuttal, on the ground that there was no dispute concerning the matters to which the witnesses testified, and that the court should have invoked the rule of strict rebuttal. It is not apparent how appellant could have been prejudiced by the introduction of evidence concerning matters over which there was no dispute, nor has he sought to enlighten the court upon this point, nor endeavored to show wherein or in what manner he was prejudiced thereby, if at all. This court is enjoined by statute to give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties. (C. L., sec. 8070; *State v. Gruber,* 19 Ida. 692, 115 Pac. 1; *State v. Fondren,* 24 Ida. 663, 135 Pac. 265.)

We have examined and disposed of all of the assignments of error, and no reversible error appearing therein, the judgment is affirmed.

Rice, J., concurs.

MORGAN, C. J., Dissenting.—The appeal from the order denying the motion for a new trial should be decided on its merits.

In reaching a conclusion that the foregoing opinion is violative of our system of appeals in criminal cases, I am not unmindful that C. L., sec. 7942, provides for taking an exception to a decision granting or denying a motion for a new trial; that sec. 7944 outlines the procedure to be followed in the preparation, service and settlement of a bill of exceptions; that sec. 8051 provides in certain cases, including an appeal from an order denying a motion for a new trial, that the record shall consist of a copy of the bill of exceptions; that the constitution prescribes that the legislature shall

provide a proper system of appeals, and that it is a duty of the legislature, and not of the courts, to indicate what the record on appeal shall contain and the method by which it shall be prepared and authenticated.

As a part of the system of appeals which the constitution, art. 5, sec. 13, directs the legislature to provide, C. L., secs. 8056 and 8070, have been enacted.    They are as follows:

8056.    "If the appeal is irregular in any substantial particular, but not otherwise, the appellate court may, on any day in term, on motion of the respondent, upon five days' notice, accompanied with copies of the papers upon which the motion is founded, order it to be dismissed."    \

8070.    "After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

This court, in *State v. Wright*, 12 Ida. 212, 85 Pac. 493, commenting on the latter provision, said: "This section has been time and again invoked by this court against defendants who were relying on mere technical objections, and we can see no reason why the same statute is not as clearly applicable to and enforceable against the state when it urges a mere technical variance from the statutory requirements which appears neither to have misled nor prejudiced the rights of the people in any respect whatever."

The purpose of the requirement that a proposed bill of exceptions be served is to give counsel an opportunity to offer amendments thereto, and the reason for having it settled is to insure that it shall speak the truth.    It is true the transcript in this case contains nothing labeled "Bill of Exceptions," but the only matters which could have been properly incorporated in such a document are the motion for a new trial, affidavits submitted in support of and in opposition thereto, and the decision thereon.    These matters all appear in the transcript which was regularly served upon counsel for the state, and the copies of documents therein contained are certified by the clerk of the district court to be full, true and correct.,    This record contains everything a bill of exceptions

in a case of this kind should contain, and it is not even suggested it is not authentic nor that the failure to prepare, serve and procure to be settled a bill of exceptions, other than this transcript, has in any way misled or prejudiced the rights of the state. In dismissing this appeal, the court has disregarded the mandates of C. L., secs. 8056 and 8070.