UNITED STATES

v.

**Daniel A. RISK, Machinery Technician Third Class.**

CGCMS 23088.

Docket No. 783.

U. S. Coast Guard Court of Military Review.

30 Sept. 1975.

DECISION

PER CURIAM:

The proceedings of this special court martial, convened by the Commanding Officer, Coast Guard Cutter GLACIER, were conducted on 8 and 13 November 1974 at Long Beach, California. A military judge, sitting with members, presided throughout. The accused was charged with unauthorized absence from 18 August to 25 October 1974, pleaded guilty, and was sentenced to reduc-

tion in rating and a bad conduct discharge, which sentence the convening and supervisory authorities approved. The military judge authenticated the record on 2 January 1975.

▮ The convening order for this court martial, dated 6 November 1974, named five officers as members, a trial counsel, a defense counsel, and an assistant defense counsel. It did not name a military judge. There is no modifying order or other document in the record detailing a military judge to the court. Nevertheless a lawful special court martial was created by the convening order. See Article 16(2)(A) UCMJ, 10 U.S.C. § 816(2)(A). But, since a military judge was not detailed, the court created was one which could not adjudge a bad conduct discharge. Article 19 UCMJ, 10 U.S.C. § 819.

With regard to the lack of a formal document appointing a military judge, we find appended to the record two pertinent communications. The first is from the officer who presided as the judge at the trial. It is addressed to the trial counsel, dated 2 January 1975, and reads as follows:

Subject: Record of Trial, *United States v. RISK*

1. Subject record is forwarded herewith having been authenticated this date. Pursuant to our telephone conversation, I am in receipt of a copy of your letter requesting the convening authority to confirm his modification of the convening order. I assume that this will be accomplished and the amending order inserted in the record. In addition, either the original of the convening order should be placed in the record or the copy thereof certified.

2. I am well satisfied that the convening authority at least orally detailed me as military judge in the case. Captain GILLETT, whom I have known for some years, came to the District Legal Office before trial commenced because he knew that I was to preside and we exchanged pleasantries. As I recall, we were unable to arrange to meet for lunch because of my trial schedule and his imminent departure. I am quite surprised that I did not notice this error in the convening order as I normally examine the original during the Article 39(a), 10 U.S.C. § 839(a) Session for just such defects and receive a representation as to oral amendments at that time. It might be productive to review the tape (at page 4) if this has not already been done.

/s/ H. Haugen

The second is from the convening authority (Captain Gillett) who had received the record of trial on 22 March 1975. On 19 April 1975, prior to taking his action on the record, he signed the following letter:

To: (The President of the Court)

Subject: Written Confirmation of an Oral Modification

Ref: (a) My Appointing Order 5813 dated 6 November 1974.

1. This is to confirm my oral appointment on or about 7 November 1974 of CDR Henry HAUGEN, USCG, as Military Judge for the Special Court-Martial appointed by reference (a). CDR HAUGEN is certified, designated, and assigned in accordance with Article 26(b) and (c) [10 U.S.C. § 826(b, c)] and previously sworn in accordance with Article 42(a) [10 U.S.C. § 842(a)].

2. CDR HAUGEN was not mentioned in the original appointing order due to administrative oversight. I was not aware that he was not designated in the appointing order, *nor was I consciously aware that he needed to be so designated. I did desire that he act as Military Judge in this case and indicated this in my conversation with him on 7 November 1974.* (emphasis added)

/s/ C. R. Gillett

We are unable to find from the foregoing communications either that the convening order of 6 November 1974 had in fact been orally modified or that a military judge had in fact been detailed by the convening authority to the court.

▮ In the second paragraph of his letter, the convening authority states that he was not "consciously aware" that the mili-

tary judge "needed to be" named in the appointing order. He states that he "desired" Commander Haugen to act as military judge in the case and indicated as much to Commander Haugen. This, however, falls far short of being a modification of the order, or an actual appointment of Commander Haugen to the court martial. Commander Haugen's letter, referring to the same conversation, which took place the day before the trial, goes no farther than to state that he is "well satisfied" that he was "at least orally detailed". It is significant that this letter, written the day he authenticated the record, does not declare outright that the convening authority then and there orally detailed him to the court. Reading the two communications together, we are convinced that both Captain Gillett and Commander Haugen *thought* that the latter had been duly appointed to be military judge in the case[1]; but we are not convinced that during the course of the conversation the convening authority made an actual oral appointment of Commander Haugen to the court. In *Runkle v. United States*, in 1887, the Supreme Court said that "it must appear affirmatively and unequivocally that the court was legally constituted" (122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167). This remains the law today. See, e. g., *United States v. Singelton*, 21 U.S.C. M.A. 432, 45 C.M.R. 206 (1972). The record before us does not show unequivocally that a special court martial with a military judge, provided for by Article 16(2)(B) UCMJ, was here legally constituted.

In view of the lack of a written order establishing the timely placement on the court of Commander Haugen, and in view of the lack of convincing proof that he had been orally detailed to the court, his participation in the trial constituted him a mere interloper, and there was jurisdictional error. Cf. *United States v. Harnish*, 12 U.S. C.M.A. 443, 31 C.M.R. 29 (1961). See also *United States v. Johnson*, 23 U.S.C.M.A. 104, 48 C.M.R. 665 (1974).

Since the court was without jurisdiction, its proceedings, findings, and sentence are void. Another trial may be had.

ROSENWASSER, MAGUIRE and LYNCH, Appellate Military Judges, concurring.

YOUNG, Judge, dissenting:

The majority opinion disregards the clear statement of both the military judge and the convening authority that there was an oral amendment to the written appointing order. In his letter of 2 January 1975, the military judge states "I am well satisfied that the convening authority at least orally detailed me as military judge in this case." In his letter of 19 April 1975 the convening authority states "This is to confirm my oral appointment on or about 7 November 1974 of Commander Henry Haugen, USCG, as Military Judge. . . ." I am not prepared to ascribe to either this senior commanding officer or certified military judge less than the plain meaning of their respective words.

There remains the question of the long delay between the issuance of the original appointing order and the amendment confirming the oral appointment of the military judge. In his advice to the officer exercising general court-martial jurisdiction, the legal officer clearly demonstrates that due to an extended deployment to the Antarctic the authenticated record of trial did not reach the convening authority until 22 March 1975. The convening authority states in the second paragraph of his 19 April 1975 letter that he was not aware that the military judge needed to be designated in the appointing order. That being so, there would be no reason for him to issue an amendment to that order until the need was called to his attention by the arrival of the record.

I would affirm.

---

1. The practice in the Coast Guard is for Headquarters to advise both the District Commander and the convening authority in every special court martial case of the name of the military judge made available for detail to the court. (Chief Counsel Judicial Circular # 2-73).