**UNITED STATES**

v.

**Private First Class Walter B. BAKER, 318–54–6084, US Army, 401st Military Police Company, 720th Military Police Battalion, Fort Hood, Texas 76544.**

**CM 433770.**

U. S. Army Court of Military Review.

Sentence Adjudged 8 Aug. 1975.

Decided 2 March 1976.

Appellate Counsel for the Accused: CPT David J. Livingston, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Russell S. Estey, JAGC; CPT Lee D. Schinasi, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

CLAUSE, Senior Judge:

▮ Consonant with his pleas, the appellant was convicted of three specifications of robbery and one specification of assault in violation of Articles 122 (10 U.S.C. § 922) and 128 (10 U.S.C. § 928) respectively, of the Uniform Code of Military Justice. All four offenses occurred at the same time and place. The appellant and two companions who had weapons, approached the four victims, ordered them to surrender their money, collected it, then fled. As to the three victims whose money was taken, the appellant was properly charged with three separate offenses of robbery. As to the other victim, the offense was charged as assault. Appellant was sentenced to a dishonorable discharge, confinement at hard labor for four years and total forfeitures. The confinement portion of the sentence was reduced to three years pursuant to a pretrial agreement.

After acceptance of the accused's plea, the trial proceeded to the sentencing phase. During the *voir dire* of the members, the defense counsel and a member engaged in the following dialogue:

"DC: Has any member of the panel been friendly with or had close association with Captain L., the prosecutor, in this case?

(Member raised his hand.)

DC: Colonel P., I believe Captain L., is assigned as your Staff Judge Advocate; is that correct?

MEMBER: That's correct.

DC: Would you please state to me the day-to-day contact you've had with Captain L. and what his job is and what purpose he serves for you?

MEMBER: I'm convening authority for Corps Support Command. He provides

advice to me in that capacity. He also tries cases associated with the members of my command. I see him twice a day.

DC: Thank you, sir. You will be instructed later on—comments for both the prosecution and defense are not evidence. Do you feel like any argument that Captain L. may make as to his theory of the case will be given more weight than the argument that defense counsel would give?

MEMBER: I don't know you. I know him. I'm sure it will weigh. I don't know how much.

DC: In other words . . .

MEMBER: I'll treat them the same—try to treat them the same, but knowing Captain L. and his judgment, it might make an impact on me. I don't know what it would be. Have to look at—I'd have to look at what was said in order to reach to that question.

DC: In other words, you have relied heavily on Captain L.'s judgment in the past and found him to exercise good judgment?

MEMBER: Absolutely.

DC: Do you feel like there may be some problems with—in the back of your mind about giving a little bit more weight to his?

MEMBER: I can't make that judgment now, until I see what transpires.

DC: That possibility may exist if the evidence . . .

MEMBER: Could exist, yes."

Based upon this colloquy, the defense counsel thereupon challenged the member for cause; the military judge denied the challenge without further questioning or comment. Appellant alleges before us that the military judge abused his discretion in his denial of the challenge.

■ Paragraph 62f of the MCM enumerates 13 grounds for challenge for cause. The 13th, or general category, excludes a member when "any other facts indicat[e] that he should not sit . . . in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality." The determination of such grounds rests in the discretion of the military judge whose ruling will not be disturbed on appeal, absent an abuse of that discretion. *United States v. Wright,* 47 C.M.R. 637 (N.C.M.R.1973). He should, however, be liberal in passing on challenges.

■ An accused is entitled to a trial in which the military judge and members have a fair and open mind. *United States v. Deain,* 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954). The test is whether the member is free to render an impartial sentence based upon the law and the evidence. *United States v. Karnes,* 23 U.S.C.M.A. 537, 50 C.M.R. 708, 1 M.J. 92 (29 August 1975), *citing United States v. Parker,* 6 U.S.C.M.A. 274, 284, 19 C.M.R. 400, 410 (1955). While a personal relationship of a familial or business character between a juror and a party, complaining witness or counsel may be disqualifying on the theory of implied bias, it appears that mere acquaintance with such persons does not disqualify a juror. *United States v. Miller,* 26 C.M.R. 570 (A.B.R.1958). There must be substantial doubt as to the legality, fairness and impartiality of the member.

The issue is further complicated in the case at bar by the fact that the trial counsel and the challenged member stand in the relationship of legal advisor and advisee that continued before, during and after trial. We recognize that the term "attorney-client relationship" is inapplicable here as that common law description excludes the type of association between a convening authority and his staff judge advocate. In the closest civilian analogue, we note that some jurisdictions have proscribed an attorney-client relationship in the statutory grounds of exclusion. *See State v. McGraw,* 6 Idaho 635, 59 P. 178 (1899). Others have noted that the relationship may be sufficient grounds for challenge if bias is shown. *See Klinck v. State,* 203 Ind. 647, 179 N.E. 549 (1932).

■ Although we determine that the association of the trial counsel and the challenged member is not a *per se* ground for

challenge, we do not encourage the relationship as appropriate for a member and a counsel. The existence of such a relationship is certain to detract from the integrity of the court-martial and is a situation easily avoidable. We reject the notion, however, that the relationship is *per se* a ground for challenge absent any further showing. Actual or implied bias must be shown and the burden rests upon the challenging party to show it. Paragraph 62*h,* MCM. The mere assertion of the challenger is insufficient. *United States v. Wright, supra.*

■ It is the responses of the challenged member which creates a substantial doubt as to the impartiality of the proceedings. The member, who served as president of the court-martial, was unwilling to state that he would not be influenced by his special relationship with the trial counsel and the reliability he placed on counsel's judgment. Nor would he speculate as to the extent of the possible influence this might have on his judgment. The member's complete honesty in this regard is to be commended. We may not, however, speculate as to his impartiality in determining an appropriate sentence.* The appropriate remedy is a rehearing on sentence.

■ We note that the accused exercised his peremptory challenge against another member. Although there is a diversity of opinion as to whether or not the use of the peremptory challenge against another member waives the challenge for cause, we agree that it does not. *United States v. Russell,* 43 C.M.R. 807 (A.C.M.R.1971). The peremptory challenge is beyond examination for motive; it may be exercised for any reason or for no reason. That it was used is the only prerequisite for our consideration of the denial of the challenge for cause.

The findings of guilty are affirmed. The sentence is set aside and rehearing thereon may be ordered.

Judge DONAHUE concurs.

* Trial counsel's novel argument on sentence relies heavily upon the acceptance of his sound judgment. Rather than stress the seriousness of the offenses counsel asserted that appel-

COSTELLO, Judge, dissenting:

I find no error in the determination of the trial judge.

The member's answers during the *voir dire* and defense counsel's challenge for cause raised a question within the context of paragraph 62*f* (13) of the Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev)), which provides as one set of grounds for such challenges:

"Any other facts indicating that he *should not sit* as a member or military judge in the interest of having the trial and subsequent proceedings *free from substantial doubt* as to legality, fairness, and impartiality. Examples of the *facts which* may constitute grounds for challenge are . . ." [Emphasis supplied.]

This case does not fall within the examples given after the quoted language, but the challenge was one to the impartiality of the member which, it is said, flowed from his highly qualified admission that he might rely more heavily on the statements of the trial counsel than on those of defense counsel. In this posture, the challenge was well within the *Manual* language quoted above. The issue then is whether the trial judge acted properly in denying the challenge at trial and whether appellant has met his burden before us.

That issue does not raise a problem of a Sixth Amendment right to trial by jury. *Whelchel v. McDonald,* 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed. 141 (1951). Therefore, useful as analogies to civilian practice may be in doubtful areas, our military jurisprudence is the primary resort for the determinants of decision.

The right of an accused person to challenge individual members of a court-martial for cause has been recognized since the beginnings of our military law. Benet, *A Treatise on Military Law and the Practice*

lant's prior good military record and civilian background demonstrated the need for longer confinement to effect his possible rehabilitation.

*of Courts-Martial,* 81–87 (6th Ed., 1868). Challenges then recognized fell into two groups, Principal Challenges and Challenges for Favor. The first group included prior participation in the case as an investigator, accuser or witness. Upon proof of such status, excusal of the member challenged was mandatory. Paragraph 121*a,* MCM, 1921. Challenges for Favor were those averring prejudice, bias or intimate personal friendship. Upon such challenges ". . . it is for the court . . . to determine whether the grounds stated and proved or admitted are sufficient in fact to disqualify a challenged member." *Id,* paragraph 121*b.* Thus, the determination of status resulted in automatic excusal when the first category of challenge was found, but the second category involved a determination of quantum, a measurement of the size of the threat to fair proceedings before excusal was to be invoked.

The *Manual* which implemented our present Code abandoned the formal division of the types of challenges and simply listed 13 groups of illustrative challenges, all of which contain conditions or actions replicative of the old Principal Challenges. Paragraph 62*f,* MCM, 1951. The present *Manual* contains a similar formulation. Paragraph 62*f,* MCM 1969 (Rev). However, the thirteenth group is a hybrid one, containing instances of both of the older groupings prefaced by the language quoted above.

Of significance to the present problem are the normative phrase "should not sit," the quantitative determinant "free from substantial doubt," and the conditional phrase "facts which *may* constitute grounds," all contained in the *Manual.* Whereas the first twelve groupings were intended as automatic disqualifications when found to exist, those contemplated by the thirteenth were to be subject to the tests of "oughtness" and quantity announced therein. Commentary on paragraph 62*f* (13), Analysis of Contents, MCM, US, 1969 (Rev), DA Pam 27–2 (1970) at p. 11–3.

Thus, the issues of fact and of consequence are both litigable; the usual statement is that both are addressed to the sound discretion of the military judge. *United States v. Wright,* 47 C.M.R. 640 (N.C.M.R.1973). *See also United States v. Wolf,* 102 F.Supp. 824 (D.C.Pa.1952) and cases cited therein. This military judge was confronted by a court member who admitted that his work relationship with the trial counsel "might make an impact on me." He further admitted to heavy reliance on the judgment of trial counsel in their relationship and to a "possibility" that he "could" give "a little bit more weight" to the judgments of the trial counsel expressed in argument. At the same time, the member insisted that he would try to treat both counsel the same and that he would have to wait "until I see what transpires" before making a final judgment concerning the impact of his respect for the trial counsel. He also responded affirmatively to defense counsel's request for a specific promise to give the accused "the benefit of your individual judgment on this case in arriving at a sentence."

In addition to the demeanor of the member which we do not have before us, the military judge was aware of the scope and nature of the work relationship between a brigade commander and his judge advocate. That relationship is neither that of attorney and client, nor, indeed, of master and servant. The judge advocate and commander each have independent, statutory duties in those criminal cases as to which the judge advocate renders advice, such that none of the familiar common-law relationships is at all descriptive. Ideally, the relationship is productive of mutual trust and confidence, but to assume the impact suggested by this challenge is to assume the violation of an oath.

Further, the military judge knew from his own experience about the relationship between senior commanders and young military attorneys. Blind faith is not a typical mark of such relations, nor is abdication of the responsibilities of position. General military experience supports this view; there is nothing in the work relationship here described to raise an inference that the

member's mind was subject to controlling influences adverse to the accused.

The challenge here was an assertion of bias in favor of the government's position on the sentence. The existence of bias is a question of fact, and there are no acceptable degrees thereof. *United States v. Deain,* 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954). However, bias does not flow from the work relationship, *per se,* so it must be shown. The defense at trial offered nothing but the product of the *voir dire,* although the burden of maintaining the challenge rests on the challenger. Paragraph 62*h,* MCM 1969 (Rev). This means, in the case of challenges under the thirteenth grouping in paragraph 62*f, all* aspects of the challenge. Thus, the defense must come forward with evidence and argument to show why the challenged member should not sit and to show how the basic facts may raise substantial doubts about the legality, fairness or impartiality of the trial. By denying the challenge, the military judge necessarily found no bias in the member at the time of his ruling, a finding we should affirm.*

On appeal from such exercises of discretion, the appellant must show an abuse of discretion and prejudice. *United States v. Massey,* 14 U.S.C.M.A. 486, 34 C.M.R. 266 (1964); *Wright, supra; United States v. Carruthers,* 152 F.2d 512 (7th Cir. 1945). *United States v. Howell,* 240 F.2d 149 (3rd Cir. 1956). No questions from the jury at the proceedings on sentence or other action by the jury suggests that the trial judge erred. Further, the jury accepted the judge's instructions concerning their independent responsibility and discretion. Appellate tribunals are bound to find that the trial judge's instructions were followed, in the absence of contrary evidence of record. *State v. Fouts,* 79 Ohio App. 255, 72 N.E.2d 286 (1947), *cert. den.* 331 U.S. 853, 67 S.Ct. 1738, 91 L.Ed. 1861 (1947).

Finally, the proceedings on sentence were marked by strenuous argument of the prosecutor for a lengthy sentence. Defense counsel did not object to his argument, nor do I. However, a court under the influence of the prosecutor as averred by appellant would certainly have returned a sentence exceeding that agreed to by the accused by more than one year, had it been so influenced. As it was, the accused received four years, a not unreasonable period of confinement for three armed robberies. He had agreed to three in return for his plea of guilty. Thus, appellant has shown no error and no injury.

Accordingly, the findings of guilty and the sentence should be affirmed.

---

* The finding made in the trial forum is that persuasive because the trial judge has the ". . . primary judicial responsibility to assure that a court-martial is conducted in accordance with sound legal principles." *United*

States v. Heflin,* 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 644 (1975); *United States v. Graves,* 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975).