(May 15, 1897.)

## STATE v. SMITH.

[48 Pac. 1060.]

CRIMINAL PRACTICE—BILLS OF EXCEPTIONS.—A bill of exceptions in a criminal action will not be considered on appeal, unless notice of at least two days of the time and place that the bill of exceptions will be presented to the district judge is served upon the attorney of the adverse party, as required by section 7941 of the Revised Statutes.

SAME—NEW TRIAL—HOW AND WHEN TO BE MADE.—An application for a new trial must be made, in a criminal action, within ten days

after verdict, and a notice of intention to move for a new trial
is not an application for a new trial.

ORDER DENYING NEW TRIAL, WHEN REVIEWED ON APPEAL.—An order
denying the defendant a new trial in a criminal action will not
be reviewed on appeal unless said order was excepted to by the de-
fendant at the time such order was made, and duly incorporated
into a bill of exceptions duly settled as required by section 7944
of the Revised Statutes.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Cozier & Pickett, for Appellant, file no brief on the points
decided by the court.

R. E. McFarland, Attorney General, for the State.

The transcript shows no proof that notice was given to the
district attorney or other counsel for the prosecution, of the
time when the statement, assignment of errors or bill of ex-
ceptions on motion for a new trial would be presented for
settlement. (Rev. Stats., sec. 7941; *People v. Sprague,* 53
Cal. 422; *State v. Gawith,* 19 Mont. 48, 47 Pac. 207.) The
statute requiring a notice of at least two days to the county
attorney of the presentation of the bill to the judge is man-
datory. (*State v. Larkins,* ante, p. 200, 47 Pac. 945.) The
only legal method of showing that an exception was taken to
the decision or ruling of the court in a criminal case is by a
bill of exceptions duly settled and signed by the judge. A
document purporting to be a bill of exceptions, settled and
signed by the district attorney, and not by the judge is null
and void. (*People v. Ferguson,* 34 Cal. 309; *People v. Arm-
strong,* 44 Cal. 326; *People v. Trimm,* 37 Cal. 274.) On ap-
peal from an order denying a new trial in a criminal case,
there must be a bill of exceptions settled by the judge
after the disposition of the motion for a new trial. (*People
v. Ah Fat,* 47 Cal. 631; *People v. Williams,* 45 Cal. 25;
*People v. Ah Sam,* 41 Cal. 645.) It is true that the
defendant filed and served his notice of intention to move
for a new trial, alleging certain grounds therefor, and filed
and served his notice of motion for a new trial. This was
not sufficient; the motion for a new trial should have been

made *viva voce,* and the grounds thereof specifically pointed out to the court, and after the ruling of the court denying the motion, a bill of exceptions specifying the grounds on which the motion was made, and the ruling thereon should have been presented to and settled by the judge. This was not done. (*People v. Sansome,* 98 Cal. 235, 33 Pac. 202.) The failure to file an assignment of errors must consequently entail an affirmance of the judgment or decree, or a dismissal of the appeal. (2 Ency of Pl. & Pr. 923; *State v. Brown* (Md.), 16 Atl. 722; *Hill v. People,* 10 N. Y. 463; *Berg v. Bishop,* 39 Mo. 356; *Butterworth v. Central Pacific R. R. Co.,* 37 Cal. 381; *People v. Central Pacific R. R. Co.,* 43 Cal. 423; *Smith v. Christen,* 47 Cal. 18; *Graham v. Stewart,* 68 Cal. 374, 9 Pac. 555; *Shepherd v. Jones,* 71 Cal. 223, 16 Pac. 711; *Heilbron v. Ditch Co.,* 76 Cal. 10, 17 Pac. 932; *Maxwell v. Stewart,* 21 Wall. (U. S.) 71; *Ryan v. Koch,* 17 Wall. (U. S.) 19; *Treat v. Jamison,* 20 Wall. (U. S.) 652; *Dugger v. Tayloe,* 121 U. S. 286, 7 Sup. Ct. Rep. 895; *Benites v. Hampton,* 123 U. S. 519, 8 Sup. Ct. Rep. 254.)

QUARLES, J.—The defendant was convicted of murder in the first degree on the twenty-eighth day of February, 1896. On March 5th thereafter the defendant, by his attorneys, served on the district attorney a notice to the effect that the defendant intended to move for a new trial upon certain grounds, set forth in said notice of intention. On March 14th the defendant moved in arrest of judgment, which motion was overruled, and on the same day the defendant was duly sentenced to be executed in the manner provided by law. On the sixteenth day of May, 1896, the defendant served upon the district attorney written notice that he would at 2 o'clock P. M. of that day move for a new trial, and which notice was filed on said May 16, 1896, and on the same day the district judge made and signed an order, which was that day filed in the cause, denying the motion of the defendant for a new trial. The attorney general, on behalf of the state, moved to strike from the record defendant's statement, bill of exceptions, and assignment of errors, upon the ground that it does not appear in the record that notice of the time that said statement, bill

of exceptions and assignment of errors (all of which should be styled "bill of exceptions") would be presented for settlement was served upon the attorney for the adverse party. And the attorney general further moved to dismiss the appeal from the order denying the defendant a new trial upon the following grounds, to wit: It does not appear that the defendant excepted to the order denying him a new trial, and such exception, if made, was not saved in a bill of exceptions thereafter made and settled as provided by law; that it is not shown in the transcript that a *viva voce* or other motion for a new trial was made by the defendant. The motion to strike the bill of exceptions from the record, and the motion to dismiss the appeal from the order denying the defendant a new trial, were argued and submitted, the said motions to be considered by the court with the cause on its merits.

We have carefully examined the record in this case, and re-examined the same. In our opinion the evidence shows beyond reasonable doubt that the defendant is guilty as charged, and that the verdict of the jury is sustained by the evidence. But in our opinion two palpable errors were committed during the trial by the lower court, one in admitting the confession of the defendant made to Dr. Hayes in the presence of a mob, and while the defendant was evidently in fear of being lynched, said confession being advised by said Hayes under conditions which are not recognized or encouraged by law, and which confession should not have been admitted. The other error consisted in the action of the trial court in refusing to permit the witness Mr. Harris to testify under the following circumstances: The court had made an order excluding witnesses from the courtroom while not testifying. Harris was not on the list of defendant's witnesses, was not excluded from the courtroom, but had been present during the trial, and had heard other witnesses testify. Being called by the defendant, the district attorney objected to his being permitted to testify, for the reason that he had been in the courtroom and within hearing of other witnesses while they were testifying. Thereupon counsel for the defense stated to the court that they did not know that said Harris would be called or used as a witness until a few minutes prior to his being called.

Under such circumstances said witnesses should have been permitted to take the witness-stand, but, when this was refused, it was the duty of the defendant to inform the court of the facts expected to be proved by said witness, and without doing this, and saving an exception to the action of the court, and preserving such exception in a bill of exceptions, duly settled in the manner required by law, such error cannot be considered as ground upon which to predicate a reversal. The rule excluding witnesses is a good one, but a defendant in a criminal action should not suffer the loss of material evidence on account of the disobedience of the rule by a witness, nor in a case where the defendant does not know that he can prove material facts by a witness, in cases like the one at bar, in time to have the witness excluded while other witnesses are testifying. In regard to the first error mentioned, we are of the opinion that, if evidence of the said confession had been refused, the verdict of the jury would not have been different from what it was. The record shows that the defendant made another confession, which was voluntary, and made while the defendant was not influenced by fear or hope of favor. Then there is other evidence than his confession which, in our opinion, would justify the verdict of the jury, and which points with certainty to the guilt of the defendant.

The motion of the attorney general to strike the defendant's bill of exceptions from the record must be sustained. Section 7941 of the Revised Statutes, requires that notice of at least two days must be given to the district attorney of the time that the bill of exceptions will be presented to the judge for settlement. This was not done in the case at bar, and for want of such notice this court is not authorized to consider said bill of exceptions. On appeal in a criminal action, a bill of exceptions setting forth the alleged errors occurring on the trial will not be considered by this court unless all of the provisions of section 7941 of the Revised Statutes, have been substantially complied with, and such compliance appears by the record.

The motion of the attorney general to dismiss the appeal from the order denying the defendant a new trial is sustained. It does not appear in the record of this case that the defend-

ant excepted to the action of the lower court in denying him a new trial. This should have been done, and such exception should have been incorporated into a bill of exceptions, and settled in the manner prescribed by section 7944 of the Revised Statutes; otherwise, the order denying a new trial is not reversible on appeal to his court. If attorneys would carefully follow the plain provisions of chapter 5, title 7, of our Penal Code, they would experience no difficulty in saving exceptions, and in having a full consideration of all assigned errors, in this court. The motion to dismiss the appeal from the order denying a new trial to the defendant would have to be sustained upon another ground. An application or motion for a new trial must, under the provisions of section 7953 of the Revised Statutes, be made within ten days after verdict. A notice of intention to apply for a new trial, served on the district attorney and filed with the clerk, is not an application or motion for a new trial made to the court. There was no application for a new trial in this case, by or on behalf of the defendant, until May 16, 1896, seventy-five days after the verdict. This was too late to make the application. The record fails to show that any application for a new trial provided or recognized by the laws of this state was made in the case at bar. Hence, we are compelled to dismiss the appeal from the order denying the defendant a new trial.

This leaves this case in this court on appeal from the judgment of conviction, and on such appeal we are authorized to consider the exceptions mentioned in section 7940 of the Revised Statutes, and those exceptions only when saved and incorporated into a bill of exceptions duly settled, after notice, as provided by law. In this case, for reasons hereinbefore stated, the defendant's bill of exceptions was stricken from the record, and the errors hereinbefore referred to cannot avail the defendant. The judgment of the lower court is affirmed.

Sullivan, C. J., and Huston, J., concur.