## STATE v. HOLBORN.

Return of the record to the trial court for motion for new trial for newly discovered evidence will be denied, as futile; the record disclosing no application for new trial on such ground before expiration of the term succeeding that at which the case was tried, the latest time limited therefor by Rev. Code Cr. Proc. §§ 430, 431.

(Opinion filed, Nov. 9, 1908.)

Appeal from Circuit Court, Hughes County. Hon. LYMAN T. BOUCHER, Judge.

Harry Holborn appealed from a conviction, and applies for return of the record to the trial court for a motion for new trial. Denied.

*Sutherland & Payne,* for appellant.  *S. W. Clark, Atty. Gen.,* and *L. L. Stephens, State's Atty.,* for the State.

HANEY, P. J.  This is an application, upon due notice, for an order returning the record to the circuit court for the purpose of allowing the appellant to move therein for a new trial on the ground of newly discovered evidence.  It appears from the record that appellant was convicted of grand larceny, and sentenced to imprisonment in the penitentiary for the term of two years, at the regular November, 1907, term of the circuit court within and for Hughes county; judgment having been entered on the 18th day of November, 1907.  A motion for a new trial on grounds other than that of newly discovered evidence was denied during the regular May, 1908, term of the circuit court within and for that county, from which judgment and order an appeal was taken to this court.

The statute contains these provisions: "When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to produce such affidavits, the court may postpone the hearing of the motion for such length of time as, under all the circumstances of the case, may seem reasonable.  The application for a new trial must be made before judgment, but the court or judge thereof may upon good cause shown, allow such application to be made at any time within thirty days after the entry of such judgment.  And motions for a new trial on the ground of newly discovered evidence may be made after judgment at the term in which the cause is tried, or during vacation before the court or judge thereof, at any time before the next succeeding term or at such term."  Rev. Code Cr. Proc. §§ 430, 431.  A motion is an application for an order.  The record discloses no application for a new trial on the ground of newly discovered evidence at any time before or during the term next succeeding the one at which this cause was tried, and, there being no law authorizing the circuit court to enlarge the statutory time in which such an application may be made in a criminal action,

the circuit court would be without power to entertain the proposed motion, were the record returned.

Therefore appellant's application to return the same is denied. ·

FULLER, J., taking no part in the decision.