Note.—Reported in 207 N. W. 217. See, Headnote (1) and (2), American Key-Numbered Digest, Mortgages, Key-No. 358, 27 Cyc. 1480; (3) Mortgages, Key-No. 616, 27 Cyc. 1854; (4) Appeal and error, Key-No. 1078(3), 3 C. J. Sec. 1587, 4 C. J. Secs. 3057, 3059; (5) Mortgages, Key-No. 616, 27 Cyc. 1854; (6) Husband and wife, Key-No. 238(5), Judgments, 34 C. J. Sec. 585; (7) Judgment, Key-No. 174, 34 C. J. Sec. 585; (8) Husband and wife, Key-No. 238(5), Judgment, 33 C. J. Sec. 77, 34 C. J. Sec. 585; (9) Appeal and error, Key-No. 843(2), 4 C. J. Sec. 2541.

Effect of sale en masse by sheriff directed to sell parcels of land, separately mortgaged, separately, see note in 15 L. R. A. (N. S.) 549.

On pleading in redemption suits see Bancroft's Code Pleading, Vol. 4, pp. 3427 and 3444.

---

CITY OF SIOUX FALLS, Respondent, v. SMITH, Appellant.

(207 N. W. 160.)

(File No. 5554. Opinion filed February 8, 1926.)

1. **Municipal Corporations—Information—Ordinances—Charge of Being on Streets in Drunken and Disorderly Condition, in Violation of Ordiances, Held to State Offense Within Power of City to Prohibit.**

A charge that accused became drunk, and was upon public streets of city in drunken and disorderly condition, in violation of ordinance, held to state an offense within section 12 of Ordinance 72 of City of Sioux Falls, which was within authority of city to prohibit, under sub-division 35, Sec. 6169, Rev. Code 1919.

2. **Criminal Law—Appeal and Error—Evidence Not Reviewable on Appeal From Judgment Alone.**

Where appeal is from judgment of conviction alone, in absence of motion for new trial, sufficiency of evidence is not reviewable.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

J. F. Smith was convicted of being drunk and disorderly in violation of city ordinance, and he appeals. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.
*Roy B. Marker,* of Sioux Falls, for Respondent.

Appellant cited: City of Yankton v. Douglas, 8 S. D. 440; City of Mobridge v. Brown, 164 N. W. 94.

GATES, P. J. [1] Defendant was charged with the violation of section 12 of Ordinance 722 of the City of Sioux Falls, in that he "on said date did become drunk and intoxicated and was upon the public streets of the city of Sioux Falls in a drunken and disorderly condition, contrary to the provision of said ordinance." He appealed to the circuit court from the judgment of conviction in the municipal court of Sioux Falls. He was likewise convicted in the circuit court. He now appeals from the judgment only.

Section 12 of said ordinance provides:

"No person shall become drunk or intoxicated in any private house or place to the annoyance of any person nor shall any person allow himself to become drunk or intoxicated within the limits of the city of Sioux Falls, nor to be found drunk or intoxicated in any public place in said city."

Prior to the adoption of the Rev. Code 1919, cities had express authority to enact ordinances upon the subject of intoxication, viz: "To prevent intoxication, fighting, quarreling, dog fights, cock fights, and all disorderly conduct." Subdivision 47, § 1229, Rev. Pol. Code 1903; subdivision 47, § 53, ch. 119, Laws 1913. These subsections are cited by the Code Commission as the source of subdivision 35, § 6169, Rev. Code 1919, which reads as follows:

"To provide for keeping and preserving the peace and quietness of the municipality and to prevent disorderly conduct."

It will be observed that intoxication, without more, is not covered by that subsection. Nowhere in the Rev. Code 1919 can we find express authority in cities to ordain against intoxication merely. Chapter 232, Laws 1923, which became effective July 1, 1923, provides:

"Municipal corporations are hereby empowered to prohibit and suppress the traffic in, and the manufacture, keeping, and use of intoxicating liquors."

Without pausing to consider the effect of that act upon the subject at hand, the offense charged was alleged to have occurred on May 26, 1923, and before the taking effect of that act. Whether or not after the adoption of Rev. Code 1919 and before the en-

actment of chapter 232, Laws 1923, the cities of this state could enact ordinances covering mere intoxication we think may also be put to one side because the latter part of the charge, viz., "was upon the public streets of the city of Sioux Falls in a drunken and disorderly condition," did state an offense which came within the authority of the city to prohibit under subdivision 35, § 6169, supra.   Town of Bloomfield v. Trimble, 54 Iowa 399, 6 N. W. 586, 37 Am. Rep. 212; 3 McQuillan, Mun. Corp., p. 2125.

[2]   We do not consider the sufficiency of the evidence to sustain the conviction because the record does not show that there was a motion for a new trial.   The appeal from the judgment alone does not bring up that question for review.

The judgment is affirmed.

Note.—Reported in 207 N. W. 160.   See, Headnote (1), American Key-Numbered Digest, Municipal Corporations, Key-No. 596, 28 Cyc. 707; (2) Criminal law, Key-No. 1063(4), 17 C. J. Sec. 3350.