STATE, Respondent, v. PARLIN, Appellant.

(269 N. W. 81.)

(File No. 7920. Opinion filed October 5, 1936.)

*M. Harry O'Brien*, of Highmore, for Appellant.

*M. C. Cunningham*, of Highmore, *Walter Conway*, Atty. Gen., and *W. E. Weygint*, Asst. Atty. Gen., for the State.

PER CURIAM. ■ This is a motion to dismiss an appeal. The defendant was convicted of the crime of assault and battery in the county court of Hyde county, S. D. The judgment of conviction was entered by the trial court on June 8, 1935. The defendant presented no application for a new trial to the judge of the county court until the 4th day of November, 1935, and the application then presented was not made upon the ground of newly discovered evidence.

Section 4946, R. C. 1919, provides as follows: "The application for a new trial must be made before judgment, but the court or judge thereof may, upon good cause shown, allow such application to be made at any time within thirty days after the entry of such judgment. And motions for a new trial on the ground of newly discovered evidence may be made after judgment before the court or judge thereof, at any time before the next succeeding term, or at any time thereafter upon leave of court upon good cause shown."

Construing the above statute, this court held in the case of State v. Holborn, 22 S. D. 425, 118 N. W. 704, that the above statute was exclusive, and that there was no law authorizing the circuit court to enlarge the statutory time in which an application for a new trail might be made in a criminal action. We are of the opinion that under the above statute the only power of the trial court to entertain an application in a criminal action for a new trial, not based on newly discovered evidence, is, as stated in the statute, either before judgment or within 30 days after the entry of judgment on good cause being shown.

■ The application in the present case was not made until almost 5 months after the entry of judgment, and it follows that

the appeal, in so far as it purports to be an appeal from the order denying the motion for a new trial, must be, and the same hereby is, dismissed.

POLLEY, P. J., and CAMPBELL, WARREN and RUDOLPH, JJ., concur.

ROBERTS, J., not sitting.