STATE, Respondent, v. BOWDER, Appellant.

(277 N. W. 43)

(File No. 8006. Opinion filed December 30, 1937)

*Morrison & Skaug,* of Mobridge, for Appellant.

*Clair Roddewig,* Atty. Gen., and *Windsor Doherty,* Asst. Atty. Gen., for the State.

PER CURIAM. Defendant was convicted of the crime of perjury. The appeal is from the judgment and from an order denying a motion for a new trial.

The principal errors assigned deal with the sufficiency of the evidence. It is disclosed by the record that no application was made for a new trial until several months after the entry of

judgment, and that the application as made was not based upon newly discovered evidence. The trial court was without jurisdiction to hear such a motion after the expiration of the time fixed by section 4946 of the Revised Code of 1919. State v. Parlin, 64 S. D. 572, 269 N. W. 81; State v. Holborn, 22 S. D. 425, 118 N. W. 704. The sufficiency of the evidence to support a verdict in a criminal case may not be reviewed upon appeal without a motion for a new trial. State v. Kirby, 34 S. D. 281, 148 N. W. 533; City of Sioux Falls v. Smith, 49 S. D. 392, 207 N. W. 160.

██ Ruling of the trial court upon a challenge to the panel of jurors is assigned as error. The trial was had at an adjourned term on the 27th day of January, 1936. While the challenge specified that the jurors present were not chosen in the manner provided by chapter 85 of the Session Laws of 1935, it did not specify that the jurors then present were summoned after January 1, 1936. A challenge, to be sufficient, must plainly and distinctly specify the facts constituting the grounds of challenge. Section 4842, Revised Code of 1919. Jurors summoned prior to January 1, 1936, could properly serve at an adjourned term held in January, 1936. Section 15 of chapter 85 of the Session Laws of 1935. The challenge failed to specify any material departure from the form specified by law. State v. Morse, 35 S. D. 18, 150 N. W. 293, Ann. Cas. 1918C, 570.

Other errors assigned have been carefully examined, and we have been unable to discover anything prejudicial to the defendant therein.

The appeal from the order denying a motion for a new trial is dismissed, and the judgment of the trial court is affirmed.

All the Judges concur.