STATE, Respondent, v. BOWDER, Appellant.

(278 N. W. 27.)

(File No. 8006.    Opinion filed February 25, 1938.)

*Morrison & Skaug,* of Mobridge, for Appellant.

*Clair Roddewig,* Atty. Gen., and *D. C. Walsh,* Asst. Atty. Gen., for the State.

PER CURIAM.    Our opinion on appeal in this action appears in 65 S.D. 626, 277 N.W. 43. We held that the evidence in the cause was not before us for review for the reason that an application for a new trial had not been made to the trial court within the time prescribed by section 4946 of the Revised Code of 1919. Thereafter, counsel for defendant made prompt application for an order to amend the abstract on appeal so as to include omitted portions of the settled record. By this omitted material it appears that the following proceedings were had below : after verdict and before judgment, defendant served on the state's attorney, and filed in the office of the clerk of courts, a notice of intention to move for a new trial, setting forth all of the statutory grounds permitted by section 4945 of the Revised Code of 1919.    Prior to sentence, defendant requested that judgment be deferred to permit him to make a motion for a new trial, and that the State furnish him with a transcript to

be used upon such a motion and upon appeal if the motion should be denied. The first request was denied, but the second was granted. On the same day the court entered an order admitting the defendant to bail, which recited, "* * * defendant having given oral notice of intention to move for a new trial, * * *" and which ordered "* * * all proceedings herein be stayed, pending hearing on defendant's motion for new trial. * * *" On March 11, 1936, the court entered an order, "That the time in which the defendant may cause a record to be settled herein, and in which he may prepare and present his motion for a new trial and do any and all things necessary to bring on said motion for a new trial, be and the same hereby is enlarged and extended up to the first day of June, 1936." The judgment was filed on the 17th day of March, 1936.

These facts were presented to us for the purpose of evidencing that defendant made application for a new trial within the time limited by statute. As authority for the position thus assumed, counsel cite State v. Wright, 12 Idaho 212, 85 P. 493, 494, wherein that court said: "The rule announced in State v. Smith, 5 Idaho 291, 48 P. 1060, will be so modified as to hold that where a notice of intention to move for a new trial is made within the statutory time, and contains the grounds of the application, and is treated by the trial court and respective counsel as an application for new trial, it will be so treated on appeal."

In State v. Smith, supra, that court held that notice of intention was not an "application" for new trial.

Section 4946 of the Revised Code of 1919 provides: "The application for a new trial must be made before judgment, but the court or judge thereof may, upon good cause shown, allow such application to be made at any time within thirty days after the entry of such judgment. And motions for a new trial on the ground of newly discovered evidence may be made after judgment before the court or judge thereof, at any time before the next succeeding term, or at any time thereafter upon leave of court upon good cause shown."

An application for an order is a motion. Section 2593, Revised Code of 1919. If that which had been denominated a notice of intention had in fact been treated as a motion, we would have

been confronted with the question decided by the Idaho court in the case of State v. Wright, supra. However, indisputably the instrument served in the instant case was never in fact intended or treated as an application for a new trial by counsel in the case, and was never presented to the court. Any contention that counsel for the defendant so regarded it is foreclosed by the fact that on the 15th day of May, A. D. 1936, counsel for defendant served on the state's attorney a notice of motion for new trial, wherein it was noted: "Please Take Notice, That the above named defendant, Frank Bowder, will at the chambers of said Court, at the Courthouse in the City of Dupree, Ziebach County, South Dakota, on the 27th day of May, 1936, at the hour of ten o'clock in the forenoon of said day, or as soon thereafter as counsel can be heard, move the above named Court to set aside and vacate the verdict and judgment herein and to grant a new trial of said action; that said motion will be based on a settled record including specifications of error, said record to be settled on said 27th day of May, 1936, prior to the hearing of said motion."

The defendant's application for new trial was made on May 27, 1936, and it came too late.

The motion is hereby denied.

All the Judges concur.